[No. 7,535.—Department Two.]

## ISAAC E. DAVIS *v.* M. M. DREW.

FINDINGS.—The paragraphs of the answer containing denials were numbered 1, 2, 3, and 4, and those containing affirmative matter 1, 2, 3, 4, and 5, and the court—after finding upon the issues made by the denials—found that the allegations contained in paragraphs 1, 2, 3, 4, and 5 of the answer were true.

*Held:* Though this mode of finding facts by reference to the answer is not to be commended, yet under former decisions of the court it is sufficient.

FRAUD AS TO CREDITORS—EXECUTION SALE—DELIVERY AND CHANGE OF POSSESSION—DECLARATIONS—RES GESTÆ—EVIDENCE.—In an action for the conversion of personal property, the defendant justified the taking under execution against N. & J., and alleged that the claim of the plaintiff to the goods in question was based upon a judgment confessed by J. for the purpose of defrauding creditors, and an execution sale thereunder made for the like purpose, and that there was no immediate delivery of the goods or change of possession. On the trial evidence was admitted as to declarations of J. made before the sale, and while on his way to San Francisco, to the effect that he had a friend in that city with whom he had made arrangements to buy the property.

*Held:* The declarations were material and relevant to the issue of fraud, and were connected with the alleged fraudulent transaction, and formed part of it.

The facts alleged as to the lack of delivery and change of possession were relied on as an element in the actual fraud averred, and were admissible evidence upon that issue, and it is therefore unnecessary to decide whether judicial sales and sales under legal process are within the provision of the Statute of Frauds (Civ. Code, § 3439), which requires a delivery and change of possession.

APPEAL from a judgment for the defendant and an order denying a new trial in the Fifteenth District Court, City and County of San Francisco. DENSON, J.

The following is the testimony:  I had a subcontract with Jordan and Nunan to furnish iron.

*Question.* Now, Guttenberg, state whether you had a conversation with Mr. Jordan at the Arcade Hotel on the evening of the 19th, the day before he went to San Francisco, and before this sale took place under the Brown judgment, and what he said to you.

Counsel for the plaintiff objected to the question on the ground that Davis was not present, and that it was irrelevant and immaterial.

Objection overruled, and exception taken.

*Answer.* Well, Mr. Jordan came to me and told me that he was going to confess judgment under that Brown attachment, and have it sold, and he had a friend in San Francisco to come up and buy it for him. Mr. Jordan came to me and told me that he was going to confess judgment and have this property sold, and he had a friend in San Francisco that he had made an arrangement with to come up and buy it, so that he would go right on and do his work, and not be bothered any more, and he would get rid of Nunan then. He mentioned Senator Nunan's name; he would get rid of Nunan, and he would go on to work and pay his creditors when he made the money, otherwise he would be sued and bothered every week, as he had been.

*Pillsbury* and *Titus,* for Appellant

Judicial sales, and sales under legal process, are not within the Statute of Frauds which requires a delivery and change of possession. (*Myers* v. *Harvey,* 2 Pen. & W. 481; S. C., 23 Am. Dec. 60; Freeman on Judgments, § 151; Herman on Executions, p. 315; *Gates* v. *Gains,* 10 Vt. 346; *Bates* v. *Car-*

*ter,* 5 id. 608; *Stone* v. *Wayonn,* 3 Eng. (Ark.) 204; *Anderson* v. *Brooks,* 11 Ala. 935; *Kidd* v. *Rawlinson,* 2 B. & P. 59; S. C., 3 Esp. 52; *Abney* v. *Kingsland,* 10 Ala. 355; *Latimer* v. *Botson,* 7 Dow. & Ry. 106; *Perry* v. *Foster,* 3 Harr. 293; *Pennington* v. *Chandler,* 5 id. 394; *Greathouse* v. *Brown,* 5 T. B. Mon. (Ky.) 280; S. C., 17 Am. Dec. 67; *Miles* v. *Edelan,* 1 Duv. 270; *Walter* v. *Garnaut,* 13 Pa. St. 515; *Dick* v. *Lindsly,* 2 Grant's Cas. 431; *Poole* v. *Mitchel,* 1 Hill (S. C.), 404; 10 Richardson Eq. (S. C.) 253; *Coleman* v. *Bank of Hamburg,* 2 Strob. Eq. (S. C.) 253; *McKinstry* v. *Tamm,* 9 Johns. 135.) A new trial should have been granted, because of the error of law committed in allowing the witnesses, B. N. Bugbee and W. Guttenberg, to testify to the declarations of Dennis Jordan, one of the former owners of the property sued for, made after the Sheriff's sale to appellant, to impeach appellant's title. Declarations of the former owner of personal property, made after a sale thereof, are not admissible to impeach the title of the vendor.

*A. P. Catlin* and *Tubbs & Cole,* for Respondent.

The title under this sale is sought to be sustained, as against creditors, upon the ground that the Statute of Frauds does not apply to execution sales in the matter of requiring a change of possession from the former owner. Not conceding this exemption in favor of execution sales, and assuming *arguendo* that the rule may exist, we claim that the question does not necessarily arise in this case. Where the sale is by procurement of the execution debtor, to cover the same from other creditors, the rule does not apply. (*Kelly* v. *Hart,* 14 Vt. 53; *Stephens* v. *Barnett,* 7 Dana, 257; *Kidd* v. *Rawlinson,* 2 Bos. & Pull. 59; *Pennington* v. *Chandler,* 5 Harr. 394; *O'Brien* v. *Chamberlain,* 50 Cal. 289.)

Thornton, J. :

This action was brought to recover damages for an alleged conversion of personal property. The defendant, in his answer, denied, without qualification, all the allegations of the complaint, except as to the value of the property, which was averred in the complaint to be nine thousand three hundred and eighty-five dollars and fifty cents. To this averment

the denial is that it (the value) was any greater than five thousand five hundred and seven dollars.

The.defendant then justifies, under process regularly issued to him as Sheriff of Sacramento County, in two actions, one against Edward Nunan and Dennis Jordan, and the other against Dennis Jordan; in one action under an execution issued on a judgment, duly made and entered; in the other, under an attachment regularly sued out and judgment entered and execution issued thereon, under and by virtue of which attachment and executions he, as such Sheriff, levied on and took the property sued for as the property of the defendants in the actions referred to, and sold the same. He further avers that the property so levied on and taken by him was the property, and in the actual possession of said defendants, and was taken from their possession.

He then proceeds to aver that the plaintiff claims title to a large part of said property under and by virtue of a sale made to him on or about the 27th of February, 1879. · That said sale was made under an execution issued on a judgment in favor of one ·John O. Brown against said Edward Nunan and Dennis Jordan, which judgment was entered on the 19th of February, 1879, for about five hundred and eighty-four dollars and ninety-seven cents; that this judgment was entered at the instance and by the confession of Jordan for the purpose of having the said property sold thereunder for the purpose of defrauding the plaintiffs in the actions in which the process mentioned in the defense of justification was issued, and the other creditors of Jordan and Nunan; that plaintiff, with the intent to aid Jordan and Nunan to hinder, delay, and defraud said creditors, colluded with Jordan and Nunan to procure said judgment, and to purchase said property by a sale thereunder, and to hold the same in trust for Jordan and Nunan; that at the time of said sale Jordan and Nunan were insolvent, and were largely indebted to the aforementioned plaintiffs and others, all of which plaintiff then knew; that the sale was not accompanied by an immediate delivery or any delivery of said property to plaintiff, nor was it followed by an actual and continued change of possession of said property, or any portion of it; that, on the contrary, said property remained in the possession of Jordan and Nu-

nan after said sale as before, up to the time when it was levied on and sold by defendant as above stated; that the sale under the judgment in favor of Brown above mentioned was a fraudulent contrivance between Jordan and Nunan and plaintiff for the purpose of hindering, delaying, and defrauding the *plaintiffs* above mentioned and other creditors of Jordan and Nunan, and was sham and fictitious.

The cause was tried by the Court, a jury having been waived, and judgment passed for plaintiff for the sum of eighty dollars, without costs. He moved for a new trial, which was denied, and he prosecutes this appeal from the judgment and the order denying a new trial.

The decision of the Court is as follows:

"1. That on or before the 14th day of May, A. D. 1879, the plaintiff was the owner and entitled to the possession of one ton of track iron, a portion of the property described in his complaint, which was of the value of eighty dollars, which said iron said defendant on said day took from plaintiff and converted the same, to the damage of plaintiff in the sum of eighty dollars; and would not and did not return the same, although plaintiff demanded the return thereof before the commencement of this action, and also demanded all the property in suit at the same time.

"2. The plaintiff is not and never was the owner, nor entitled to the possession of any of the property sued for, except said track iron.

"3. The value of the property sued for, including the said track iron, was and is the sum of seven thousand dollars.

"4. And all and singular the allegations contained in paragraphs I, II, III, and IV of defendant's answer are true.

"5. And all and singular the allegations contained in paragraph V of the defendant's answer are true.

"From the foregoing facts I conclude the law to be: First. That plaintiff is entitled to judgment against the defendant for the sum of eighty dollars, and no more. Second. That neither party is entitled to costs."

As to the insufficiency of the evidence to sustain the findings in the particulars specified, it is only necessary to say that we think the findings are fully sustained by it.

It is contended by appellant that the findings do not show

what particular facts are found by the Court, and that there is uncertainty in the findings as to the facts which the Court attempted to find.

In this view we can not concur. The answer of defendant is divided into *denials* which are in sections numbered I, II, III, IV. These sections are separated into distinct paragraphs, but are *denials* of the material affirmative allegations of the complaint.

Then follows in the answer the defense of justification and fraud. This portion of the answer is divided into sections. or paragraphs, numbered I, II, III, IV, V. These paragraphs consist of *allegations,* and it is to these allegations setting up a defense, that reference is made in findings 4 and 5. It will be observed that the issues made by the *denials* of the answer had been disposed of in findings 1, 2, 3, and then the issues made by the *allegations* of the defense of justification and fraud are disposed of by the other findings of fact numbered 4 and 5, in which it will be seen *allegations* are distinctly referred to and mentioned. This mode of finding facts by reference to the answer, or portions of it, is not to be commended. It imposes greater labor in this Court, both on counsel and Court. But our predecessors have accepted such findings as proper and sufficient, and therefore we do not feel disposed to adopt a different course.

In our judgment the findings are not obnoxious to the criticism of counsel for appellant. They do show what particular facts are found by the Court, and there is no uncertainty about them. They cover all the issues joined in the cause.

It is contended by appellant that the Court erred in admitting the testimony of Bugbee, the Deputy Sheriff, as to the declarations of Jordan, made after the sale to the plaintiff. We have examined the transcript carefully, and failed to find any such testimony. The question was asked, but there was no answer to it. This is all that occurred—Bugbee was under examination—

" *Question by Mr. Catlin.* Now, proceed and state what he (Jordan) said to you afterwards or during the sale.

" A. When the sale closed, on the way up to Mr. Jordan's office—

"*By the Court.* Do I understand you that Mr. Davis and Mr. Jordan were present at the conversation?

" A. They were walking together side by side.

" Mr. McKune objected, because it was matter that occurred after the sale. ·

" The Court overruled the objection, and counsel for plaintiff excepted.

" A. In walking up to the office after the sale, Jordan spoke to Davis about the opposition they had in *building.*" The last word is so printed in the record. We suppose it is a mistake, and that " bidding" was intended.

The witness then proceeds to state what was said by Davis, and states nothing as having been said by Jordan.

No such point as the one stated above arises in the case.

A similar point is made as to Guttenberg's testimony—that he testified to the declarations of Jordan made after the sale. The witness testified to no such declarations. The declarations to which he deposed were made before the sale, at the Arcade Hotel, on the 19th of February, 1879; the sale took place on the 26th day of the same month. The declarations to which he did testify were objected to on the ground that the plaintiff was not present, and that they were irrelevant and immaterial. The Court overruled the objection, and plaintiff excepted.

The declarations objected to were' made by Jordan on his way to San Francisco, and were explanatory of his motive and inducement to make the journey. They were material and relevant to the issue of fraud, and were connected with the alleged fraudulent transaction, and formed a part of it. (Code Civ. Proc., § 1850.)

A further contention on the part of appellant demands notice. It is said that judicial sales and sales under legal process are not within the Statute of Frauds, which requires a delivery and change of possession. This position is sustained by a great number of cases of other States, cited in the brief of counsel for appellant. The question has never been decided by the Supreme Court of this State. We find no case in the reports in which it has been determined. But it is unnecessary to pass on it here. *Actual fraud* was pleaded. The defendant did not rely on *fraud per se—constructive fraud.*

The facts alleged as to the lack of delivery and change of possession were relied on as an element in the actual fraud averred, and they were put in evidence to establish actual fraud. Such a course is distinctly sanctioned in *O'Brien* v. *Chamberlain*, 50 Cal. 289.

It follows from the above that the judgment and order must be affirmed, and an order will be entered to that effect.

SHARPSTEIN, J., MORRISON, C. J., and MYRICK, J., concurred.

[After the foregoing opinion was rendered, the following order was entered.]

By the COURT:

The opinion heretofore rendered in this case is modified as follows: At end of paragraph beginning "As to the insufficiency of the evidence," etc., add: "Sustained, too, by the testimony of Edward Nunan, who, it appears, had nothing to do with the entry of the judgment in favor of John O. Brown (no process having been served on him in the action), nor the sale under the execution issued on it, and notified Jordan that all the proceedings in the suit of Brown and the sale under the execution were a fraud on his rights."