[L. A. No. 758.   Department Two.—December 28, 1900.]

## GEORGE W. LAWRENCE, Respondent, v. ISAAC JOHNSON et ux., and IMPERIAL SAVINGS AND LOAN COMPANY, Respondents, and HENRY S. BALDWIN, Appellant.

FORECLOSURE OF MORTGAGE—CONFLICTING CLAIMS TO JUNIOR MORTGAGE —PLEDGE—FINDINGS—APPEAL—PARTIAL REVERSAL.—In an action to foreclose a mortgage, where there are conflicting claims to a junior mortgage sought to be foreclosed by separate cross-complaints of the mortgagee, and of one claiming as assignee of the mortgage by way of pledge, if there is no finding as to the issue of pledge, and findings in favor of the junior mortgagee as against the pledgee are not sustained by the evidence, there must be a partial reversal of the judgment for new trial of the issues between them.

ID.—FINDINGS AGAINST EVIDENCE—ABSENCE OF ARGUMENT FOR RESPOND-ENT—PRESUMPTION.—In the absence of a brief or argument for the respondent, upon specifications by appellant of the insufficiency of the evidence to sustain the findings, it will be presumed that the evidence is insufficient to support the findings, and a reversal for such insufficiency will be justified.

ID.—CONSTRUCTION OF FINDINGS—PLEDGE NOT NEGATIVED—CONCLUSIONS OF LAW.—A finding that the appellant, who claims as pledgee, is not and never was the owner of the mortgage, does not negative the assignment by way of pledge; and findings that the appellant has no interest in the mortgage or its proceeds, based upon the finding against his ownership, and that the amount of the mortgage note is due to the mortgagee, are of conclusions of law.

ID.—PLEDGE BY CORPORATION—QUESTION AS TO POWER—RETENTION OF BENEFITS.—It seems that the reception and retention by a corporation of the benefits of a pledge precludes question as to the power of the corporation to make the pledge.

APPEAL from a judgment of the Superior Court of Los Angeles County. M. T. Allen, Judge.

The facts are stated in the opinion.

E. C. Bower, for Appellant.

There is no finding upon the issues as to the pledge. The findings in favor of the Imperial Savings and Loan Company, and against appellant are contrary to the evidence. Appellant had possession of the note and mortgage as pledgee, and produced them at the trial. The appellant had not been paid the amount of the pledge. The corporation, having received and retained the amount of the pledge, is estopped from claiming that it had no power to make it. (*Main v. Casserly*, 67 Cal. 127; *Bradley v. Ballard*, 55 Ill. 413[1]; 5 Thompson on Corporations, secs. 6016, 6017.)

F. W. Burnett, for Respondents.

SMITH, C.—The suit was brought to foreclose a mortgage executed to the plaintiff by the defendant Johnson May 17, 1893, for three hundred dollars, etc. The defendant corporation and the defendant Baldwin filed cross-complaints to foreclose a subsequent mortgage on the same premises executed by the defendants Johnson to the former, and claimed by the latter to have been assigned to him. The mortgagors made default. Judgment was rendered in favor of the plaintiff for the foreclosure of his mortgage; and in favor of the defendant corporation for the foreclosure of the subsequent mortgage. The defendant Baldwin appeals from the judgment. The appeal is from the whole judgment, but no point is made in the brief of appellant as to the validity of the judgment in favor of the plaintiff; which, indeed, is not open to question. The appeal, therefore, involves only the conflicting claims of the defendant corporation and Baldwin to the junior mortgage.

On this issue the findings and judgment are in favor of the former, but it is claimed by appellant that the findings are insufficient, and that they are in fact unsupported by the evidence. Both points, I think, must be sustained.

---

[1] 8 Am. Rep. 656.

The cross-complaint of the appellant alleges that the note and mortgage executed by the Johnsons to the respondent corporation was assigned and delivered to him by the said respondent as a pledge and security for five hundred dollars loaned by him to the corporation. There is no finding on this allegation. It is found "that the defendant . . . . Baldwin is not, and never was, the owner of the said mortgage, etc., and has no interest in or right to said mortgage, or proceeds thereof." But the first part of the finding does not negative the alleged fact that the mortgage had been assigned to him as pledge or security for a loan; and the latter part is but a conclusion of law apparently based on the fact found. It is also found "that there is due to the Imperial Savings and Loan Society . . . . from said defendants Isaac Johnson, etc., upon the promissory note described in said cross-complaint the sum of two hundred and thirty-three dollars and fifty cents." But this also is a mere conclusion of law, and the facts upon which it is based do not appear. (Hayne on New Trial and Appeal, sec. 239 et seq., p. 718 et seq.) Nor does the finding that the allegations of the cross-complaint of the defendant corporation are true touch the issue. There is no allegation in the cross-complaint as to the ownership of the note. Nor does it seem that the actual findings are sustained by the evidence, which seems to support the claim of the defendant Baldwin that the mortgage was assigned to him as pledge or security for a loan. It appears, indeed, from appellant's brief that questions were raised as to the power of the officers of the company to make the assignment; but as it received and retained the consideration, the objection seems to be met by the authorities cited by appellant. (*Main v. Casserly,* 67 Cal. 127.) At least, in the absence of a brief or oral argument on behalf of respondent, we must regard the findings as unsupported by the evidence. (*Kelly v. Bradbury,* 104 Cal. 237, and cases cited.)

The judgment in favor of the Imperial Savings and Loan Company should be reversed, and the cause remanded for a new trial of the issues between it and the defendant Baldwin. The judgment in favor of the plaintiff for the foreclosure of his mortgage should be affirmed, both as to the defendants Johnson and the other defendants.

CXXXI. Cal.—12

Haynes C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment in favor of the Imperial Savings and Loan Company are reversed, and the cause remanded for a new trial of the issues between it and the defendant Baldwin. The judgment in favor of the plaintiff for the foreclosure of his mortgage is affirmed, both as to the defendants Johnson and the other defendants.

Henshaw, J., McFarland, J., Temple, J.