[Civ. No. 4612. First Appellate District, Division Two.—October 15, 1923.]

W. C. REID, Appellant, v. EDITH KERR et al., Respondents.

[1] FINDINGS — PLEADING — ISSUES.—Contradictory findings on allegations in a complaint which are not denied by the answer, and hence raising no issue, are nugatory.

[2] APPEAL — JUDGMENT-ROLL — AGENCY — FINDING—EVIDENCE—JUDGMENT—PRESUMPTION.—In an action sounding in equity, where the appeal is upon the judgment-roll alone, it will be presumed, in support of the judgment, that a finding that one defendant was not the agent of his codefendant was sustained by the evidence.

[3] PLEADING—MATERIAL ALLEGATION—RECITAL.—When a certain allegation is altogether material, it should be alleged directly and positively and not by way of recital.

[4] FINDINGS—REFERENCE TO PARAGRAPHS IN PLEADINGS.—The practice of making findings by referring to certain paragraphs of the answer, or certain paragraphs of the complaint, and finding the same true, or untrue, as the case might be, does not warrant a reversal of a judgment.

[5] APPEAL—JUDGMENT-ROLL—NEW MATTER IN ANSWER—ABSENCE OF FINDING—PRESUMPTION.—When an appeal is supported by the judgment-roll alone and certain new matter in the answer has no finding thereon, it will be assumed, in support of the judgment that the parties in the trial court abandoned such matter and offered no evidence in support of such allegations and, for that reason, no finding was necessary.

[6] ID.—PLACE OF TRIAL — JURISDICTION — EVIDENCE—ESTOPPEL.—The plaintiff cannot successfully contend on appeal that the superior court of the county in which the action was actually tried did not have jurisdiction, and that the action should have been tried in another county, where the defendants raised the same point in their answer, and the plaintiff pressed the action for trial and tried it before the superior court which he claims on appeal did not have jurisdiction.

[7] PLACE OF TRIAL—ACTION TO CANCEL DEED.—An action on its face purporting to be an action to cancel a deed is transitory and is not governed by section 5 of article VI of the constitution, wherein it is provided that certain actions must be tried in the county where the property is located.

APPEAL from a judgment of the Superior Court of Alameda County. James G. Quinn, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lasher B. Gallagher for Appellant.

John Ralph Wilson and Arthur C. Huston for Respondents.

STURTEVANT, J.—The plaintiff commenced an action against the defendants sounding in equity. A trial was had by the court sitting without a jury; the court found the facts in accordance with the theory of the defendants and entered a judgment accordingly; from that judgment the plaintiff has appealed, bringing up the judgment-roll only.

The first point made by the appellant is that some of the findings are contradictory. In paragraph VI of the complaint the plaintiff alleged, "and said plaintiff did on the eighth day of February, 1921, make and execute to Edith Kerr a deed to the property described in paragraph I of this complaint, and said Edith Kerr did execute a deed to plaintiff herein for the property described in paragraph III." That paragraph of the plaintiff's complaint was answered by the defendants in the fourth paragraph of their answer. But an examination of the paragraph shows no denial or traverse of the passage quoted from the complaint. In paragraph VIII of the complaint it was alleged, "That thereafter on the eighth day of February, 1921, pursuant to said

agreement plaintiff deeded to defendant, Edith Kerr, the real property described in paragraph I hereof.'' In paragraph IX of the complaint, it was alleged, ''That thereafter on the eighth day of February, 1921, said defendant, Edith Kerr, executed a deed to plaintiff herein for the land described in paragraph III of this complaint.'' An examination of the answer discloses that neither of those paragraphs was denied. It therefore appears that the pleadings made no issue on the subject pleaded and quoted from paragraph VI of the complaint, or paragraph VIII, or paragraph IX. [1] True it is that the trial court made a finding that the allegations of paragraph VI are untrue and that the court made a finding that the allegations of paragraphs VIII and IX are true, but as there was no issue on the subject those findings are nugatory. (2 Hayne on New Trial and Appeal, sec. 242.)

The second point made by the appellant is stated by him, ''Agency of Howard D. Kerr.'' Further on he stated, ''How, therefore, can the court find that Howard D. Kerr was not at any time the agent of Edith Kerr?'' [2] That question we must answer by saying that the evidence was not brought up and we are not in a position to answer the question, but in support of the judgment we are bound to presume that the evidence before the trial court sustained the finding. Moreover, it is very appropriate to call attention to the fact that plaintiff's complaint discloses on its face that Howard D. Kerr assumed to act as the agent of Edith Kerr, but there is no allegation in plaintiff's complaint that he was such agent; that is, the complaint nowhere contains an allegation in effect ''that at all times herein mentioned Howard D. Kerr is and was the duly appointed, qualified, and acting agent of Edith Kerr, etc.'' True it is that in many places there are recitals and inferences as to his agency. The want of an appropriate averment was clearly presented to the trial court by an amended demurrer in which the point was presented under an attack that the complaint was insufficient, and also under three several attacks that the complaint was in this respect uncertain. [3] When, as here, a certain allegation is altogether material, it should be alleged directly and positively and not by way of recital. (31 Cyc. 71.) Continuing on the same point, the appellant says: ''The finding of the court

that these various allegations were untrue, is simply a finding that the defendant Howard D. Kerr did not do—as the agent of the defendant Edith Kerr—the things alleged to have been done by him. It is not a finding that he did not do the things that the complaint alleges he did.'' Conceding the force of this argument, it is still obvious that if he was not the agent of Edith Kerr, then she was not responsible for his acts. In making his argument under this point, the appellant complains because the trial court, in framing its findings, referred to certain paragraphs of the answer, or certain paragraphs of the complaint, and found the same true, or untrue, as the case might be. Appellant calls to our attention that the practice is not commended. (*Davis* v. *Drew,* 58 Cal. 152, 157.)   [4]  Be that as it may, such practice does not warrant a reversal of a judgment. Still continuing to present the same point, the appellant calls to our attention that in their answer the defendants set up some new matter on which the trial court made no findings, and the appellant contends that findings were necessary on all issues.   [5]  But, when an appeal is supported by the judgment-roll only and we find that certain new matter in the answer has no finding thereon, we must assume, in support of the judgment that the parties in the trial court abandoned such matter and offered no evidence in support of such allegations and, for that reason, no finding was necessary.

[6]  In his last point the appellant contends that the action should have been tried in Contra Costa County, and that the superior court of Alameda County had no jurisdiction. There are two answers to the point. In the first place, by their answer filed August 2, 1921, the defendants in the second defense set forth by them raised the same point, but the appellant pressed his action for trial and tried it before the superior court of Alameda County, claiming, we must assume, that the action was not one falling within the provisions of section 5 of article VI of the constitution, wherein it is provided that certain actions must be tried in the county where the property is located.   [7]  The second answer is that the action on its face purports to be an action to cancel a deed made by this plaintiff to Edith Kerr. Such an action is transitory and is not governed by the section

cited from the constitution. (*Ishii* v. *Guarantee Mortgage Co.,* 60 Cal. App. 262 [212 Pac. 938].)

We find no error in the record. The judgment is affirmed.

Langdon, P. J., and Nourse, J., concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment · in the district court of appeal, was denied by the supreme court on December 13, 1923.