[Civ. No. 7200. First Appellate District, Division One.—January 27, 1932.]

DUISENBERG–WICHMAN & COMPANY (a Partnership), . Respondent, v. H. L. JOHNSON, Appellant.

John C. Scott for Appellant.

No appearance for Respondent.

THE COURT.—The plaintiff herein, Duisenberg-Wichman & Company, obtained a money judgment against the defendant H. L. Johnson, in an action involving certain corporate stock transactions, from which judgment the defendant appealed, urging as the main ·ground for reversal the insufficiency of the evidence to support the trial court's findings. The appeal was taken on a typewritten transcript prepared under section 953a of the Code of Civil Procedure. The transcript was filed in this court on October 26, 1929, and defendant's opening brief was filed a month later,

to wit, November 25, 1929. Plaintiffs failed to file any brief, and so far as the record shows no extensions of time were granted for such purpose, by stipulation or otherwise; and the cause was placed on a special calendar of this court pursuant to an order to the respondent to show cause why the judgment should not be reversed. Plaintiff did not appear at said hearing nor has it since offered any excuse for its failure to file a brief.

Under the earlier decisions in this state it was held that where material findings were challenged on appeal on the ground of the insufficiency of the evidence to support them, and the respondent filed no brief and did not argue the case orally, the court would assume, without looking into the record, that the point urged by the appellant that the evidence was insufficient to justify the findings, was well taken and the judgment would be reversed. (*Richter* v. *Fresno Canal etc. Co.*, 101 Cal. 582 [36 Pac. 96]; *Davis* v. *Hart*, 103 Cal. 530 [37 Pac. 486]; *Kelly* v. *Bradbury*, 104 Cal. 237 [37 Pac. 872]; *Bullock* v. *Bullock*, 29 Cal. App. 463 [155 Pac. 1009]; *Lawrence* v. *Johnson*, 131 Cal. 175 [63 Pac. 176].) But in the later case of *Lutz* v. *Merchants Nat. Bank*, 179 Cal. 401 [177 Pac. 158], it is held that such rule is inapplicable under the alternative method of appeal, for the reason, says the court, that under such method it is the duty of the parties to print in their briefs, or in a supplement appended thereto, such portions of the record as they desire to call to the attention of the court; and that while in the absence of any brief on the part of the respondent the appeal may be determined upon those portions of the record printed in appellant's brief, prejudicial error must appear therefrom before appellant is entitled to a reversal. In other words, as said in *Mosher* v. *Johnson*, 51 Cal. App. 114, 116 [196 Pac. 84, 85]: "We have no way of reaching parties who thus shirk the responsibility cast upon them by the appeal, and who, having secured a meritorious judgment, do not recognize the duty incumbent upon them of pointing out to the appellate tribunal the reasons why the action of the lower court should be sustained. It is as much the duty of the respondent to assist the court upon the appeal as it is to properly present a case, in the first instance, in the court below."

The order to show cause is therefore discharged, and the appeal is ordered submitted for decision upon appellant's brief. (Rule V of the Supreme Court and District Courts of Appeal.)