[Civ. No. 7200. First Appellate District, Division One.—April 28, 1932.]

DUISENBERG–WICHMAN & COMPANY (a Partnership), Respondent, v. H. L. JOHNSON, Appellant.

John C. Scott for Appellant.

No appearance for Respondent.

THE COURT.—The defendant H. L. Johnson appeals from an adverse money judgment in an action involving certain corporate stock transactions which took place between the plaintiff, a copartnership engaged in the stock and bond brokerage business, and defendant, who carried a purchasing and selling account with said firm.

The account was opened in May, 1928, and closed October 30, 1928. It was the business custom of said firm to retain in its possession the stock purchased for its clients and to mail the latter memoranda of purchases and sales, and a monthly statement showing, among other things, the names and number of shares of the stocks bought and sold, the price paid and received therefor, the amount of debits and credits, and the balance remaining in the account. During the period defendant maintained said account he had purchased and sold some Magnavox stock, and in July his account was credited with $300 in cash and 200 shares of Magnavox stock, which said firm had purchased at $2.60 a share; and his monthly statement so showed. Shortly thereafter, at defendant's direction, the stock was sold for approximately $533, and about the same time defendant drew from his account by check a certain amount of cash, including the $300 with which he had been theretofore credited. A few days later and in October, 1928, the firm discovered that the 200 shares of Magnavox and the $300 in cash which had been credited to defendant's account some three months before belonged to one E. L. Johnson, another of the firm's clients, and that through error and carelessness on the part of the firm had been credited to

the account of the defendant H. L. Johnson; whereupon certain members of the firm called on defendant, directed his attention to the mistake, threatened him with prosecution for embezzlement and demanded restitution of the $300 cash and the proceeds received from the sale of the stock. Defendant complied with such demand by paying the firm $500 in cash and turning over certain stocks of the admitted value of $358.94, making a total of $858.94. The evidence adduced on the part of the defendant, according to his brief, was to the effect that the payment of the cash and delivery of the stock above mentioned was in full and final settlement of the transaction. However, the firm claimed later that it was obliged to restore the same amount of stock to the account of E. L. Johnson and for that reason it went into the market some time afterward and purchased a like amount of stock, but that the price thereof had risen and they were obliged to pay $2,375.39 for the same number of shares that defendant had shortly before sold through said firm for only $533; and thereafter the firm instituted this action against defendant to recover the sum of $1516.45, which represented the difference between the amount it claimed to have paid for the purchase of said stock and the amount it received from the defendant in settlement of the transaction with him; and upon trial before the court sitting without a jury judgment was given accordingly.

█ Defendant has presented numerous grounds for reversal, among them being insufficiency of the evidence, one of the chief contentions in this regard being that the settlement he made with the firm, in accordance with its demands, was in full satisfaction of the matter; and in his brief he has cited evidence which supports this claim, and is legally sufficient to sustain a judgment in his favor upon that ground. Plaintiff has made no effort to uphold the judgment. Defendant's brief was filed herein on November 25, 1929, within thirty days after the transcript was filed, and no brief has ever been filed by plaintiff in answer thereto; nor has any extension of time ever been applied for, or reason assigned for not filing a brief. The cause was placed on a special calendar of this court on October 26, 1931, pursuant to an order to show cause why the judgment should not be reversed for failure to file a brief (*Duisenberg-Wichman & Co.* v. *Johnson,* 120 Cal. App. 227

[7 Pac. (2d) 1081]), but at that time plaintiff did not appear in response to such order to show cause, nor has it since filed any brief or offered any excuse for not having done so. We are justified in assuming, therefore, that the point made by the defendant for reversal is meritorious, and that plaintiff has abandoned any attempt to support the judgment. For that reason and upon that ground the judgment is reversed.