[Civ. No. 12035.   First Dist., Div. One.   Aug. 24, 1942.]

THEODORE J. BENDLAGE, Appellant, v. DEITRICH KOHLSAAT et al., Respondents.

C. W. Braswell for Appellant.

Martin Goldman for Respondents.

WARD, J.—Appeal from a judgment following an order sustaining defendants' demurrer to plaintiff's amended complaint without leave to amend.

From the demurrer, both general and special, and its accompanying memorandum of points and authorities, it appears that the question involved is the effect of a judgment rendered in a prior action between the same parties; in addition, the inadequacy of consideration paid following an alleged wrongful and fraudulent levy of execution, which will be hereafter referred to.

The complaint, cross-complaint, findings and judgment in the former action are annexed to the amended complaint herein and give in detail a history of the case. The answer and the answer to the cross-complaint do not appear.

In the amended complaint in the present action it is alleged that on April 20, 1937, plaintiff and defendants, Kohlsaat and Krieger, entered into a contract whereby the former agreed to sell, and the latter agreed to purchase, personal property, consisting of formulae for the manufacture of medicinal remedies, a stock of merchandise, office and other equipment used in the manufacture and sale of the remedies, and the exclusive right to the use of the trade names "Vesodyne" and "Anthony Lily Company"; that the contract in addition to other considerations provided for the payment of a royalty based upon sales, with a provision for reconveyance for breach of this obligation.

The finding in the former case on the question of possession of the property conveyed was not outside the issues since plaintiff prayed for possession.

In that action the court found that the formulae were not secret, and that plaintiff did not and could not make delivery thereof in accordance with his representations. There is no finding that the formulae were valueless or that the products, valueless or otherwise, were sold to the public. The judgment does not rescind the contract but provides that defendant Anthony Lily Company shall retain the property, evidently upon the theory that it should be retained until formulae conforming to the representations made should be delivered, and awards monetary relief. It is not explicit as to whether sales might continue without liability or subject to royalty payments. The trial court found that defendants were not indebted to plaintiff in any amount. However, the judgment is not in excess of the court's jurisdiction and is not so irregular in matter or form that it can be said that justice was denied. The parties, the subject matter, etc., were all before the court subject to the right of the trial court to determine the question of its jurisdiction. Refraining from passing upon the form and substance of the particular judgment presented, we may adopt appellant's second theory on appeal, that the judgment was erroneous.

There must be an end to litigation. In the task which has fallen to human agency to wisely and justly determine controversies, it has been found necessary to adopt certain rules to which all litigants must conform. Among these rules is one

prescribing the time in which the right to appeal must be exercised. Under that rule the judgment in the first action has become final.

■ This is not a summary proceeding. Concluding that the trial court had jurisdiction of the first action, but assuming, as appellant contends, that the judgment is erroneous, we are powerless in the present proceeding to correct the alleged errors. The judgment is substantially in conformity with the findings. On appeal, or on motion before the trial court, the judgment might have been set aside.

■ A former judgment between the same parties involving the same issues is, though erroneous, a bar to a subsequent proceeding. (*Edmonds* v. *Glenn-Colusa Irr. Dist.*, 217 Cal. 436 [19 P. (2d) 502].) "If the court finds contrary to the evidence or misapplies the law—in all of these cases the judgment, until corrected or vacated in some appropriate manner, is as conclusive upon the parties as though it had settled the controversy in accordance with the principles of abstract justice." (Freeman on Judgments, 4th ed., § 260, quoted in *Estate of Harrington*, 147 Cal. 124 [81 Pac. 546, 108 Am. St. Rep. 118].) The former judgment between the same parties upon the same subject, if introduced in evidence herein, would have been conclusive (*Hamilton* v. *Carpenter*, 15 Cal. (2d) 130 [98 P. (2d) 1027]), or, if pleaded, as in the present amended complaint, would be conclusive as to the condition and relation of the parties upon the matters directly adjudged. (Code Civ. Proc., §§ 1908, 1962.) We must conclude that upon the matters pleaded and previously adjudicated, the first judgment is res judicata.

The amended complaint herein, in addition to a recital of the success of the defendants and cross-complainants in the previous litigation, alleges that, notwithstanding money had accumulated under the contract between the parties in excess of the amount of the judgment in that case, a writ of execution was wrongfully and fraudulently levied against plaintiff's title and interest in the royalties, and, in pursuance of the writ, all property and credits due under the contract were sold to plaintiff, and the original judgment credited in the sum of five cents. Plaintiff prays that the "pretended sale under execution . . . be declared of no force and effect."

■ Respondents failed to file a brief herein, nor have they otherwise acquainted the court with the grounds, if any, different from those previously litigated upon which the demurrer could have been sustained. It may be assumed, there-

fore, that the point made by appellant for reversal is meritorious. (*Zeigler* v. *Bonnell*, 52 Cal. App. (2d) 217 [126 P. (2d) 118]; *Duisenberg-Wichman & Co.* v. *Johnson*, 123 Cal. App. 125, 128 [10 P. (2d) 1010].) On appeal no attention has been given by them to the following question raised by appellant: "Does inadequacy of consideration paid under sheriff's sale, accompanied with unfairness, authorize the court to set aside a sale under an execution?"

We assume it is respondents' theory that the prior judgment adjudicated the question of appellant's right to royalties, a position somewhat inconsistent with the return on execution which shows that included in the sale was "All right, title and interest of Theodore J. Bendlage in and to that certain contract entered into on or about April 21, 1937, by and between Theodore J. Bendlage, party of the first part, and Deitrich Kohlsaat and Mendel Krieger, parties of the second part, together with all rights or claims of whatever nature which defendant Theodore J. Bendlage, may have as against Deitrich Kohlsaat, Mendel Krieger or Anthony Lily Company, Inc." Eliminating this phase of the matter, still the amended complaint herein—possibly subject to special demurrer—raises the question of inadequacy of consideration. Five cents is the amount evidently credited upon a judgment totaling upon its face a sum in excess of $5,500. Inadequacy of consideration is a question of fact. Assuming that the complaint is insufficient in this respect, it could possibly be amended. On this latter point alone, the judgment should be reversed, with directions to overrule the demurrer, to afford plaintiff an opportunity to amend, and to take further proceedings in the cause in accordance with the views herein expressed.

It is so ordered.

Peters, P. J., and Knight, J., concurred.