[Civ. No. 12133. First Dist., Div. One. May 29, 1943.]

DANTE RAMACCIOTTI et al., Respondents, v. JOE GALIANO et al., Appellants.

Murphy & Hall for Appellants.

Joseph J. Bullock for Respondents.

KNIGHT, J.—Plaintiffs, as copartners, brought this action to recover the possession of certain personal property, or, in the event delivery could not be had, for the sum of $2,187.-50, the alleged value thereof; also for the sum of $150 as damages for the alleged wrongful use of a tractor. A joint answer was filed by the defendants Galiano and Fornasier denying the allegations of the complaint, and the defendant McCambridge answered separately, also denying the allegations of the complaint. It was alleged in the complaint that the property involved was located on a ranch near Pescadero. It consisted of four horses, a Ford truck, farming equipment, household furniture and kitchen utensils, a frigidaire, pipe, tanks, tools, wine cooperage, two tons of straw and 50 rabbits. The cause was tried without a jury, and the findings and judgment were in favor of plaintiffs and against the defendants Galiano and McCambridge. The terms of the judgment call for the delivery of the property or the payment of the sum of $2,187.50 in case delivery cannot be had; also for the payment of the additional "sum of $150 for the unlawful use of a certain Caterpillar Tractor belonging to plaintiffs." It does not appear from the findings or judgment how the action was disposed of as to the defendant Fornasier. The defendants Galiano and McCambridge appeal, and among the grounds urged for reversal is insufficiency of the evidence.

The respondents failed to file any brief. The transcript was filed March 14, 1942; the due date for filing respondents' brief was July 9, 1942; and after notice to the respective parties the appeal was placed on the calendar for argument on February 23, 1943. On September 25, 1942, and again on December 17, 1942, the clerk of this court notified counsel for respondents that the time for filing respondents' brief was long overdue, and requested that it be filed. In response to the first letter counsel for respondents wrote that the case was about to be settled and that a settlement would be reached within ten days. There was no answer to the clerk's second letter; nor did respondents appear in person or by attorney at the time of oral argument, or offer any explanation for failure to appear. The appeal was thereupon ordered submitted on the appellant's brief.

■ Rule V of the Supreme Court and District Courts of Appeal provides that if the respondent does not file his points and authorities within the time allowed therefor, the cause

may be submitted for decision upon the appellant's brief, in which case the court may, in its discretion, decide the case upon the statement of facts contained in such appellant's brief. (*Zeigler* v. *Bonnell*, 52 Cal.App.2d 217 [126 P.2d 118].) It is our opinion that under the circumstances the court is warranted in invoking the operation of said rule. Therefore, accepting as true the statement of facts in appellants' brief, the facts of the case may be stated as follows: Prior to May 1, 1941, respondents were engaged in farming property known as the Flora E. Steele Ranch near Pescadero. They had received certain money advances from McCambridge, and had mortgaged to him certain personal property located on the ranch. The mortgage contained the usual provision against removing the property without the consent of the mortgagee. On May 1, 1941, one of the respondents, Dante Ramacciotti, accompanied by one Del Cielo, a drayman, attempted to remove certain personal property from the ranch in violation of the express terms of the mortgage prohibiting such removal, and were prevented from doing so by Galiano, a watchman employed by McCambridge. No demand was ever made upon either Galiano or McCambridge for the delivery of any specific property, nor was any claim made that any of the personal property claimed by respondents was ever sold, disposed of, concealed, or destroyed by either of the appellants, or that they removed any part thereof from the Steele Ranch, or that respondents' possession of the property on the Steele ranch was in any manner disturbed. They relied solely on the claim that they were refused permission to remove the property described in their complaint from the Steele Ranch. Moreover, it was conceded that respondent Dante Ramacciotti, the manager of the partnership, continued to reside on the ranch for a long time after the action was commenced and occupied the house in which a considerable portion of the personal property was located, and that it was while Ramacciotti was still living on the ranch that respondents instituted the present action for the recovery of the possession of the property.

It is well settled that to sustain an action for the recovery of specific personal property the plaintiff must have the right to immediate and exclusive possession of such property at the time of the commencement of the action (5 Cal.Jur. p. 161; *Fredericks* v. *Tracy*, 98 Cal. 658 [33 P. 750]);

furthermore that an action to recover possession of personal property will not lie unless at the time the action is commenced defendant has the possession of the property or the power to deliver it in satisfaction of a judgment for its possession; and by virtue of this rule a person who himself is in possession cannot while such possession continues bring an action of this kind (5 Cal.Jur., pp. 164, 165; *Carman* v. *Ross,* 64 Cal. 249 [29 P. 510]).

In the present case it appears that none of the property in suit was in the possession of either of the appellants at the time of the commencement of the action; it remained at all times in the possession of the respondents on the Steele ranch, which belonged to the Steeles; therefore, under the legal principles above set forth, there could be no factual basis for an action in claim and delivery against either of these appellants. The most that can be said in support of the judgment is that McCambridge, claiming the right to do so under the terms of the chattel mortgage and acting through Galiano, forbade respondents from removing from the ranch certain items of personal property covered by said mortgage. But as stated, respondents at all times prior to and at the time of the commencement of the action continued in the possession of the property, and in that situation an action for claim and delivery is not maintainable. Whether under the circumstances respondents would have been entitled to invoke a remedy for the alleged unlawful interference with their attempt to remove the property from the ranch is not a question with which we are here concerned.

The evidence as set forth in appellants' statement of facts is also insufficient, in our opinion, to sustain the trial court's finding upon which it based that portion of the judgment awarding respondents $150 for the use of a tractor. In this regard it appears that a tractor was used by Galiano on the ranch during the month of June, 1941, which was several weeks after the commencement of the action and after respondents' lease had expired, and they had left the ranch, at which time the possession thereof evidently reverted to the lessors; and there is no evidence showing that McCambridge was in any way connected with the use of the tractor. Furthermore and in any event, the only testimony that the reasonable value of the use of the tractor was $150 was given by the witness Poletti, a former partner; and in

the final analysis the substance of his testimony on that point was merely that he had seen the tractor used on one day only and that he would not consider $150 a day a proper charge for the use of a tractor.

Several additional grounds are urged by appellants in support of their appeal, but in view of the fact that respondents have made no effort by way of filing a brief or presenting any oral argument to answer any of the contentions made by appellants, we are entitled to assume that they consider appellants' contentions meritorious (*Bendlage* v. *Kohlsaat*, 54 Cal.App.2d 136 [128 P.2d 691]) and that they have abandoned any attempt to support the judgment (*Zeigler* v. *Bonnell, supra; Duisenberg-Wichman & Co.* v. *Johnson*, 123 Cal.App. 125 [10 P.2d 1010]; *Doud* v. *Jackson*, 102 Cal.App. 213 [283 P. 107]). It is unnecessary, therefore, to give attention to the additional grounds so urged.

The judgment is reversed.

Peters, P. J., and Ward, J., concurred.