[Civ. No. 12666.   First Dist., Div. One.   Oct. 4, 1944.]

W. R. POSTIN, Respondent, v. O. H. GRIGGS, Appellant.

Cooley, Crowley & Supple for Appellant.

Walter K. Olds for Respondent.

PETERS, P. J.—Plaintiff brought this action in the city and county of San Francisco.   Defendant moved for a change of venue to Los Angeles County, his place of residence. From the order denying this motion, defendant appeals.

148

█ Although given ample opportunity to do so, respondent has not seen fit to file a brief on this appeal. As a result, the cause has been submitted on appellant's opening brief pursuant to rule 17(b) of the Rules on Appeal. Under the provisions of that rule we are entitled to accept as true the statement of facts in the opening brief. We are under no duty to seek out points of law in support of the judgment, are entitled to assume that respondent has abandoned any attempt to support the judgment, and that the point made by appellant for reversal is meritorious. (*Zeigler* v. *Bonnell*, 52 Cal.App.2d 217 [126 P.2d 118]; *Duisenberg-Wichman & Co.* v. *Johnson*, 123 Cal.App. 125 [10 P.2d 1010]; *Bendlage* v. *Kohlsaat*, 54 Cal.App.2d 136 [128 P.2d 691]; *Ramacciotti* v. *Galiano*, 59 Cal.App.2d 8 [137 P.2d 722].)

The complaint is entitled "Complaint for Rescission and for an Accounting." It alleges that in San Francisco in November, 1941, the litigants, and certain other parties, entered into an agreement creating a limited mining partnership, by the terms of which plaintiff became a general partner and the owner of a one-sixth interest; that in August, 1942, defendant became the operating partner; that, for the purpose of inducing plaintiff to sell his interest in the partnership, defendant made certain false and fraudulent representations to plaintiff, which are set forth in detail in the complaint; that plaintiff relied on said false and fraudulent representations, and, as a result, in San Francisco, executed two agreements, set forth as exhibits, by which he relinquished his interest in the partnership. The date of the discovery of the alleged fraud is set forth, and it is alleged that on that date (July 1, 1943) plaintiff served upon defendant a notice of rescission. The prayer of the complaint is that the contracts by which the sale of plaintiff's interest was accomplished be canceled and be declared null and void; that plaintiff be adjudged to be a general partner; that an accounting be ordered, and for other and further relief as may be proper.

As already indicated, the defendant moved for a change of venue to the county of his residence. This motion was denied. Inasmuch as plaintiff has not seen fit to file a brief, we have no way of ascertaining the reason for the denial.

█ A reading of the complaint demonstrates that the gravamen of the cause of action is the alleged fraud and deceit of defendant. The action is a personal one for fraud,

in which plaintiff seeks a rescission and an accounting. A defendant is entitled, upon application, to have such an action tried in the county of his residence. Title IV of the Code of Civil Procedure sets forth the statutory rules as to the place of trial of actions in this state. Sections 392, 393 and 394 set forth the rules as to certain types of actions not here involved. Section 395 provides: "In all other cases, except as in this section otherwise provided . . . the county in which the defendants, or some of them, reside at the commencement of the action, is the proper county for the trial of the action. . . ." After providing for certain types of tort action not here involved, the section continues: "When a defendant has contracted to perform an obligation in a particular county, either the county where such obligation is to be performed, or in which the contract in fact was entered into, or the county in which the defendant, or any such defendant, resides at the commencement of the action, shall be a proper county for the trial of an action founded on such obligation. . . ." We may assume that the trial court denied the motion because of its belief that a cause of action to cancel a contract because of fraud and for an accounting is an action "founded on such obligation."

Ever since the case of *Smith* v. *Smith*, 88 Cal. 572 [26 P. 356], it has been the rule that the general spirit and policy of section 395 is to give the defendant the right of having all personal actions against him tried in the county of his residence except in certain limited cases therein specified, and that, before it will be found that a case falls within an exception, the conditions under which the exception is claimed must be clearly and distinctly shown. (See, also, *Hays* v. *Cowles*, 60 Cal.App.2d 514 [141 P.2d 26].)

Applying that rule of construction to the facts of this case we find a complaint asking for rescission of a contract on the ground of the alleged fraud of defendant, and for an accounting. ▮ Insofar as an accounting is requested, the action is essentially personal, triable in the county of the residence of the defendant. (*Bardwell* v. *Turner*, 219 Cal. 228 [25 P. 2d 978].) ▮ An action, the gravamen of which is fraud, is triable in the county of the residence of the defendant, and the mere fact that incidentally rights in real property may be involved does not change the rule. (*Brown* v. *Happy Valley Fruit Growers*, 206 Cal. 515 [274 P. 977].) It has likewise

been held that an action to cancel a promissory note on the ground of fraud is triable in the county of the residence of defendant (*Howe* v. *Tucker*, 219 Cal. 193 [25 P.2d 832]), as is an action for cancellation of a contract for the purchase and sale of realty and for a money judgment based upon alleged fraud. (*Terry* v. *Rivergarden Farms Co.*, 29 Cal.App. 59 [154 P. 476].) In *Nason* v. *Feldhusen*, 34 Cal.App. 789 [168 P. 1162], it was held that an action for the rescission of a contract, for an accounting and an injunction based upon fraud, is a personal action which the defendants are entitled to have tried in the county of their residence. In *Reid* v. *Kerr*, 64 Cal.App. 117 [220 P. 688], it was held that an action to cancel a deed was transitory and not local. (See, also, *Averill* v. *Lincoln*, 52 Cal.App.2d 398 [126 P.2d 398].)

Under these authorities it is apparent that an action based on fraud, and in which plaintiff seeks rescission and an accounting, is triable in the county of the residence of the defendant regardless of where the contract sought to be canceled was executed. Such an action is not "founded" on the contract sought to be canceled—it is not a contract action at all, but a tort action based on fraud.

The order appealed from is reversed.

Knight, J., and Ward, J., concurred.