Filed 12/18/13  Lady-Bliss v. Super. Ct. CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DIANNE LADY-BLISS, <br><br> Petitioner, <br><br> v. <br><br> THE SUPERIOR COURT OF TULARE COUNTY, <br><br> Respondent; <br><br> CYNTHIA V. BUSH et al., <br><br> Real Parties in Interest. | F067142 <br><br> (Super. Ct. No. 250067) <br><br> **O P I N I O N** |

## THE COURT*

ORIGINAL PROCEEDINGS; petition for extraordinary writ of mandate.  Lloyd L. Hicks, Judge.

Law Offices of Stephen M. Feldman and Stephen M. Feldman, for Petitioner.

No appearance for Respondent.

Quinlan, Kershaw & Fanucchi and Edward L. Fanucchi, for Real Parties in Interest.

-ooOoo-

---

*    Before Hill, P.J., Cornell, J., and Franson, J.

Petitioner and defendant below Dianne Lady-Bliss (petitioner) challenges the trial court's denial of her motion for change of venue.  We agree the trial court erred in denying the motion and grant relief.

## BACKGROUND

Real parties in interest and plaintiffs below Cynthia V. Bush, individually and as surviving wife of Charles L. Bush, Harlace Wallace, and Blake Wallace, filed a complaint in Tulare County Superior Court naming as defendants petitioner and Farmers Financial Solutions, LLC (Farmers).  The complaint states that Tulare County Superior Court was the proper court because "a defendant entered into the contract here" and "the contract was to be performed here."  The attachment to the complaint states a cause of action for breach of fiduciary duty in that petitioner was a registered representative of defendant Farmers and was plaintiffs' financial advisor from 2005 until 2011.  It further alleges "Defendants were financial advisors of the Plaintiffs by soliciting, recommending and making investments to and for them, and gained the trust and confidence of the Plaintiffs for investments."  The complaint then details four different investments and/or loans for which plaintiffs have not been repaid.  The complaint further states a cause of action for aiding and abetting in that petitioner aided and abetted others in a scheme to gather funds for various projects which were misrepresented as to their likelihood of success.  For reasons not explained in the petition, plaintiffs dismissed Farmers.

Petitioner thereafter filed a motion for change of venue claiming she resides in Los Angeles County, that she and Farmers do business in Los Angeles County, and that the gravamen of the complaint was for tort with recovery of damages and not for breach of contract.  Because the causes of action of breach of fiduciary duty and aiding and abetting are transitory ─ dealing with financial obligations or personal relationships ─ Los Angeles is the proper county.  Petitioner asserts that even if the agreements were entered into in Tulare County, she was not a party to those agreements.

2

The trial court denied the motion for change of venue as follows:

"Plaintiffs have shown that this action involves alleged misrepresentations by Defendant to Plaintiffs made at Plaintiffs' residence in Tulare County wrongfully inducing Plaintiffs to enter into various loan transactions. The Complaint is sufficient to assert an agreement entered into in Tulare County. Venue is appropriate in [Tulare County] under CCP 395(a)." The instant petition followed.

## DISCUSSION

"An appellate court reviews [an order granting or denying a motion to change venue] under the abuse of discretion standard. [Citation.] A trial court abuses its discretion when venue is mandatory in a county other than the county where the action has been brought. [Citation.]" (*State Bd. of Equalization v. Superior Court* (2006) 138 Cal.App.4th 951, 954.)

Petitioner claims that the tort nature of the causes of action mandates that the action be classified as transitory and therefore venue is determined by Code of Civil Procedure section 395, subdivision (a) which provides, in pertinent part: "Except as otherwise provided by law and subject to the power of the court to transfer actions or proceedings as provided in this title, the superior court in the county where the defendants or some of them reside at the commencement of the action is the proper court for the trial of the action."

The trial court appears to have determined, despite the fact real parties in interest did not state a cause of action for breach of contract, since the agreement to invest was entered into in Tulare County, venue in Tulare is appropriate pursuant to the following pertinent language of Code of Civil Procedure section 395, subdivision (a):

"Subject to subdivision (b), if a defendant has contracted to perform an obligation in a particular county, the superior court in the county where the obligation is to be performed, where the contract in fact was entered into, or where the defendant or any

3

defendant resides at the commencement of the action is a proper court for the trial of an action founded on that obligation, and the county where the obligation is incurred is the county where it is to be performed, unless there is a special contract in writing to the contrary."

There are several cases, decided 59 or more years ago, that provide some guidance in evaluating the factual scenario presented, to wit, a contract was entered into in a particular county, but no cause of action for breach of contract by defendant is stated in the complaint.

In *Sausen v. Anderton* (1954) 129 Cal.App.2d 324 (*Sausen*), the complaint alleged that the defendants were engaged in the business of selling vending machines in San Francisco. On a given date the plaintiff entered into a contract with the defendants wherein they agreed to buy 200 vending machines and a "Northern California route" for a stated sum, part of which was then paid. The complaint alleged that the purchase had been induced by false and fraudulent representations concerning the subject matter of the sale and that when they discovered the fraud, the plaintiffs rescinded the fraudulently-procured contract. The court found that the action "is not one founded upon a contract such as is referred to in that portion of section 395 of the Code of Civil Procedure, which sets up certain exceptions to the general rule therein declared that transitory actions must be tried in the county of the residence of one or more of the defendants." (*Id* at p. 325.)

In *Postin v. Griggs* (1944) 66 Cal.App.2d 147, 150, under facts similar to those in *Sausen*, the court held: "that an action based on fraud, and in which plaintiff seeks rescission and an accounting, is triable in the county of the residence of the defendant regardless of where the contract sought to be canceled was executed. Such an action is not 'founded' on the contract sought to be canceled -- it is not a contract action at all, but a tort action based on fraud." (*Postin v. Griggs*, *supra*, 66 Cal.App.2d at p. 150.) (Also see *Williamson v. Pacific Greyhound Lines* (1944) 67 Cal.App.2d 250, 256: "Considering

4

the complaint in this case as a whole, we are convinced this is clearly an action for damages for personal injuries, based on alleged negligence of the employees of the Pacific Greyhound Lines, sounding in tort and not upon contract, in spite of the fact that incidentally it is alleged that the accident occurred while the plaintiff was riding in the bus as a paid passenger holding a ticket requiring the carrier to exercise utmost care and diligence for her safe conveyance.")

Real parties in interest's claims sound in tort. The complaint does not state a cause of action for breach of contract. Under the authorities cited above, pursuant to Code of Civil Procedure section 395, subdivision (a), petitioner is entitled to have the case transferred to Los Angeles County.

Real parties in interest assert in addition to, or as an alternative to, venue being proper in Tulare County pursuant to Code of Civil Procedure section 395, subdivision (a), venue is also proper in Tulare County pursuant to the consumer venue rule of Code of Civil Procedure section 395, subdivision (b). Section 395, subdivision (b) provides, in relevant part:

"Subject to the power of the court to transfer actions or proceedings as provided in this title, in an action arising from an offer or provision of goods, services, loans or extensions of credit intended primarily for personal, family or household use, other than an obligation described in Section 1812.10 or Section 2984.4 of the Civil Code, … the superior court in the county where the buyer or lessee in fact signed the contract, where the buyer or lessee resided at the time the contract was entered into, or where the buyer or lessee resides at the commencement of the action is the proper court for the trial of the action."

By the use of the term "buyer and lessee," the legislature indicated this venue provision applied to consumer transactions. The provision of financial advice is not a consumer transaction.

## **DISPOSITION**

The petition for writ of mandate is granted. Let a writ of mandate issue directing the Tulare County Superior Court to vacate its order of April 18, 2013, denying petitioner's motion for change of venue and enter a new order granting the motion. Each party is to bear their own costs.

This court's orders filed May 13, 2013 and June 26, 2013, are vacated and the temporary stay is lifted.