AUGUSTUS D. SPLIVALLO, RESPONDENT, *v.* ROBERT PATTEN AND
MICHAEL COMERFORD, APPELLANTS.

CONSIDERATION—FAILURE OF.—A failure of consideration, in whole or in part, after a *bona fide* assignment of a promissory note, is no defense to a suit by the assignee against the maker, even though the assignee had full knowledge of the original consideration for which the note was given.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

Defendants appealed.

The case is stated in the opinion.

*Whiting & Naphtaly,* for Appellants

*First*—When a party deprives another of the consideration upon which an obligation is founded, he cannot, in general, recover for a violation of that obligation. (*Per* Spencer, Senator, 8 Conn. 727.)

*Second*—A note is affected with nullity to the extent of the failure of the consideration—*i. e.* whether in whole or in part. And the same rule applies in those cases where there was originally no want of consideration, but where there has been a subsequent failure of consideration, either in whole or in part. (Story on Prom. Notes, Sec. 187.)

*Third*—The respondent having received the note with full knowledge of the facts, is to be treated as if the suit was between the payee and the defendants.

*Campbell, Fox & Campbell,* for Respondents.

The fact that plaintiff took the note with full knowledge that it was given in payment for rent, which was due and payable in advance, cannot make him liable to loss, by reason of a subsequent failure of the term for which the rent was so paid.

SPRAGUE, J., delivered the opinion of the Court :

Whether or not the facts stated in the answer would have constituted a valid defense to any portion of the plaintiff's demand, had the plaintiff been the payee instead of the assignee of the note, is not necessary now to determine. It is very evident that a simple failure of consideration, in whole or in part, after a *bona fide* assignment thereof before maturity, will not avail the makers as a defense in a suit by the assignee of a promissory note, even though the assignee had full knowledge of the original consideration for which the note was given, prior to his purchase and receiving the transfer of such note. (Story on Prom. Notes, Sec. 191.)

From the complaint, it appears that the defendants, on the 1st day of May, 1866, made their joint promissory note for $725, payable to David Mahoney or order, four months from

date, and delivered the same to Mahoney, who, thereupon, on the same day, for a valuable consideration, indorsed and delivered the same to plaintiff, who thereupon became and still is the owner and holder thereof. The answer does not deny or question the *bona fides* of the transfer of the note by Mahoney to plaintiff, but, in substance, alleges as a defense that the original consideration for the note was the rent for one year from May 1, 1866, of certain lands of which Mahoney claimed to be the owner, and of which defendant, Patten, was in possession; that after Patten had occupied said lands as the tenant of Mahoney about four months of such term, the title of Mahoney to the lands failed, and defendant acquired the title thereto from the Government of the United States, by reason of which a partial failure of the original consideration for the note resulted, to the extent of about two-thirds thereof; and that plaintiff, at the time he took the assignment of the note, had full notice of the consideration for which it was made and delivered to Mahoney, etc. To this answer plaintiff demurred, upon the ground that the same did not state facts sufficient to constitute a defense to the action. The demurrer was sustained by the Court, with leave to defendants to amend their answer, which being declined, the case was submitted to the Court upon the complaint and evidence of plaintiff, and judgment rendered against defendants for the full amount of the note, with costs, in gold coin.

The demurrer was properly sustained, and we discover no error in the record.

Judgment affirmed.

Justice CROCKETT, having been of counsel, did not participate in this decision.