[Department Two.—August 9, 1883.]

CHARLES DEAN, APPELLANT, v. J. W. WALKEN-HORST ET AL., RESPONDENTS.

SALE—PERSONAL PROPERTY—TRANSFER OF POSSESSION—CREDITORS.—Swift sold certain cattle to Mary Crowder without transfer of possession. These parties afterwards intermarried. Swift still retained possession of the cattle, and with the knowledge and consent of his wife, continued to exercise full acts of ownership over them. He afterwards made a bill of sale of them to Dean, in his own name, but under his wife's direction. After the sale the property remained in the possession of Swift. *Held,* that the transfer to Dean was void as against the creditors of Swift while he remained in possession.

APPEAL from a judgment of the Superior Court of Modoc County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*E. V. Spencer*, and *E. M. Barnes*, for Appellant.

*F. W. Ewing*, and *Matt. F. Johnson*, for Respondents.

MYRICK, J.—Action against a constable and his sureties for an alleged unlawful seizure of twenty-nine head of cattle and a bay filly. Judgment went for defendants, and plaintiff appealed.

On the 28th of August, 1876, one Swift was the owner of the property in question. On that day he sold the property to Mary Crowder, but no delivery or effort of delivery of possession was then or at any subsequent time had. A few days after the sale Swift and Mary Crowder intermarried, and have been ever since and are husband and wife. Swift had possession and control of the property, with the knowledge and consent of his wife, until the seizure by the constable, March 26, 1881. While so in his possession the cattle were branded with the recorded brand of said Swift, with the knowledge and consent of his wife. On the 1st of March, 1880, Swift, with the knowledge and consent of his wife, in his own name, executed to plaintiff a bill of sale of the cattle; Mrs. Swift did not sign the bill of sale, but directed the transaction, and her husband acted fully and solely under her directions. Plaintiff paid five hundred and forty dollars for the cattle; he did not take possession, but they remained, as before, in the possession of Swift. The debt on which the constable seized the property was created in 1880 and 1881.

Under such circumstances, neither the plaintiff nor Mrs. Swift could be heard to say the property was not the property of Swift, and liable to seizure for his debt. Mary Crowder, while single, and subsequently when Mrs. Swift, permitted the property to remain in the possession and control of Swift, permitted him to place his brand upon it, and to execute a bill of sale of it in his own name; the plaintiff took the bill of sale from Swift as of his property.

Section 3440 of the Civil Code reads: "Every transfer of

personal property . . . . is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession," etc. Swift had the possession and control of the property at the time . of the alleged transfer to Mary Crowder, and such possession and control continued until after the creation of the debt for which it was seized, and until the seizure; therefore the transfer from Swift to her was void as to his creditors, and plaintiff took no title from her. (*Watson* v. *Rodgers*, 53 Cal. 401.)

In either view, whether the plaintiff claims under Swift or under Mrs. Swift, he cannot recover.

Judgment and order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.