[No. 12905.    Department Two. — November 15, 1890.]

## F. C. SIEBE et al., Respondents, v. JOSHUA HENDY MACHINE WORKS, Appellant.

Appeal — Practice — Record — Waiver — Stipulation. — The record provided by statute for reviewing evidence is a bill of exceptions, or statement. If the parties wish to waive such record, and substitute a stipulation for it, the intention so to do must appear with reasonable certainty. A stipulation that copies of certain documents printed in the transcript are "correct," and that the documents were introduced in evidence at the trial, does not dispense with the statutory record.

Corporation — Agency — President — Promissory Note. — The president of a corporation engaged in the business of buying and selling machinery, who is authorized by the by-laws to transact its ordinary business without consulting the board of directors, has authority to buy machinery for the corporation, and give its promissory note therefor, without a resolution of the board.

Appeal from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion.

*C. E. K. Royce*, for Appellant.

*Naphtaly, Friedenrich & Ackerman*, for Respondents.

Hayne, C. — This was an action upon a promissory note. The trial court gave judgment for the plaintiffs, and the defendant appeals.

We do not think that, upon the record before us, the
appellate court can consider the question whether the
evidence supports the findings of fact.   The record pro-
vided by statute for bringing up the evidence is a bill of
exceptions, or statement, to be served upon the successful
party, and settled and certified by the judge.   There is
no bill of exceptions, or statement, in the transcript.   It
is plain, therefore, that, unless there is some equivalent
or substitute for the statutory record, the evidence is not
before us.   What is relied on as such equivalent consists
of the following proceedings: After the appeal was taken,
appellant filed in the trial court a notice specifying cer-
tain points that it would rely on upon the appeal.   This
document did not contain any of the evidence given at
the trial.   It does not appear to have been even served
upon the respondent, though we suppose that it was.
Nothing further seems to have been done in the trial
court.   The transcript filed in the appellate court con-
tains a copy of this notice, copies of the appellant's
articles of incorporation and by-laws, and a stipulation,
which states, in substance, that the copies mentioned are
correct copies, and that the articles of incorporation and
by-laws were introduced in evidence at the trial.   This
is all that the stipulation states in relation to the matter
in question.   It does not state that no other evidence
was introduced at the trial.   Nor does it purport to
waive the record prescribed by law, or to provide that
the evidence may be reviewed upon the papers men-
tioned.   The mere statement that certain copies are
" correct" is of no more force than the usual certificate
of the clerk in authentication of the transcript.   ( *Weth-
erbee* v. *Carroll*, 33 Cal. 549.)   And the mere admission
that certain documents were introduced in evidence at
the trial does not show that there was no other evidence.
For all that the court can know to the contrary, other
by-laws, subsequently adopted, may have been intro-
duced in evidence.   While a stipulation may be so

framed as to dispense with the record provided by law, there ought to be something which would enable the court to say, with some reasonable degree of certainty, that such was the intention. The respondent objects that there is no record upon which the evidence can be reviewed, and we think that the objection must be sustained. This leaves the appeal to be heard upon the findings. Two questions arise upon the findings.

1. The defendant was a corporation engaged "in the business of manufacturing, buying, and selling machinery of various kinds, and kindred articles." The note was given in payment of the price of a boiler purchased by the president for the corporation. There was no resolution of the board of directors authorizing the purchase, and it is contended that, in the absence of such a resolution, the president and secretary had no authority to execute the note. But we think otherwise. The buying of machinery was part of the ordinary business of the corporation. And the by-laws (as established by the findings) authorized the president to "buy and sell the articles in which the corporation deals, without first obtaining the sanction or consulting the board of directors." So far, therefore, as the buying of machinery was concerned, the president (in the absence of any interposition by the board) had the same authority as the board had. The matter was left to him. This being the case, the authority to buy included authority to buy on credit, and to do such a usual thing as to give the note of the corporation as evidence of its obligation to pay. (See *Castle* v. *Foundry Co.*, 72 Me. 170, 171; *Tappan* v. *Bailey*, 4 Met. 536, 537.) It is probable that this rule would not apply to an agent for a particular transaction, or even to certain kinds of general agents. We express no opinion as to that; but we think that it applies to such an agent as the president of a corporation, empowered to transact its ordinary business without consulting the board.

2. It is contended that there was a failure of consideration for the note. This is based upon the fact that the creditors of the vendor, after litigation, succeeded in obtaining the boiler. But the findings show that the plaintiff was an innocent purchaser of the note for value before maturity.

We therefore advise that the judgment be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Hearing in Bank denied.