[Civ. No. 2475. Third Appellate District.—July 14, 1922.]

## A. L. GAMBRILL et al., Respondents, v. CHAS. A. DWORACK et al., Appellants.

[1] ALTERATION OF INSTRUMENTS—ASSIGNMENT OF MORTGAGE—DEBTS SECURED—EVIDENCE—FINDING.—In this action to reform a mortgage, the finding that words contained in the assignment of the mortgage to the effect that the assignment was not only as security for the payment of one note, but as additional security for another note, were not inserted therein after the execution and delivery of the assignment without the consent or knowledge of the assignors, is sufficiently supported by the evidence.

[2] ESTOPPEL—TITLE OF MORTGAGOR.—A mortgagor is estopped to assert that at the time of executing the mortgage he had no title or that there is an outstanding title in a third person.

[3] ID.—DEED—CHANGE OF NAME OF GRANTEE—ESTOPPEL.—Where the name of a grantee in a deed is erased and the name of another grantee substituted by consent of all parties interested, including the grantor, none of the parties is permitted, under the principle of equitable estoppel, to urge the invalidity of the transaction against one of the others who had thereby been induced to change his position to his disadvantage.

APPEAL from a judgment of the Superior Court of Madera County. J. J. Trabucco, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Everts, Ewing & Wild and J. R. Fitch for Appellants.

Conley & Conley and Roy B. Maxey for Respondents.

BURNETT, J.—On November 23, 1918, Chas. A. Dworack and Adelia Dworack, his wife, deeded to Chas. Van B. Wright certain properties in the city of Madera, this state, and as payment therefor received a note for the sum of $16,000, due on or before two years after date, with interest at the rate of seven per cent per annum, payable annually, secured by a mortgage upon said properties. The properties covered

---

3. Correcting name of party to an instrument as a material alteration thereof, note, Ann. Cas. 1912A, 1045.

by said deed and mortgage were described in the instrument as lots 2, 3, 4, and 5 in block 23 of the Floto Tract, but through a mutual mistake of fact, lots 6 and 7 of said block were omitted, both in the deed and in the mortgage. On the fourteenth day of October, 1918, one Frank M. Harris and Olive G. Harris, his wife, made, executed, and delivered to one A. L. Gambrill a certain deed to lot 6 and the west half of 7 in block 11 in the city of San Jacinto, county of Riverside. On said twenty-third day of November, following, Gambrill sold to Chas. A. Dworack this property for the sum of $14,000, and in making the transfer the former, with the consent of his grantor Frank M. Harris and the said Dworack, erased his (Gambrill's) name as grantee and inserted therein the name of Chas. A. Dworack; in consideration thereof Dworack and his wife assumed a mortgage in the sum of $6,000 and existing against the said San Jacinto property, executed and delivered to the said Gambrill a certain promissory note for the sum of $8,000, secured by a second mortgage on the San Jacinto property, and it is the claim of respondents that said purchasers agreed, as further security for the payment of said promissory note of $8,000, to make an assignment of the said $16,000 note and mortgage made and executed by said Chas. Van B. Wright as aforesaid; the said deed and mortgage covering the San Jacinto property were duly recorded in the said county of Riverside. On or about the fourth day of December, 1918, the Dworacks made and delivered to A. L. Gambrill their certain promissory note in writing for the sum of $600, the payment of which was secured by assignment of said note and mortgage for said $16,000. Said assignment upon its face purports to be "for and in consideration of the sum of $600, and other advances mentioned which may be due second party, also as additional security for the payment of an $8,000 note, given to the party of the second part [A. L. Gambrill] the receipt whereof is hereby acknowledged."

All of these transactions between Gambrill and the Dworacks were consummated at the same time and were inseparably connected as one business affair, all of said papers being finally executed and delivered on or about December 9, 1918, at the time they were acknowledged. On

or about the fifth day of March, 1919, the Dworacks conveyed said San Jacinto property to one Chas. B. Throop in exchange for an apartment house in the city of Los Angeles. On the seventh day of April, 1919, the Dworacks made and delivered to said Chas. Van B. Wright a deed of correction on the said property situated in the said city of Madera, conveying by said deed said lots 6 and 7 which had been omitted as aforesaid and at the same time said Wrights made and delivered to the said Chas. A. Dworack a promissory note in the sum of $16,419 and as security for the payment of the same executed and delivered to said Dworacks a certain mortgage of said real property in the city of Madera; said last-mentioned note and mortgage has never been delivered or assigned to A. L. Gambrill or to Lena Bauman.

On the seventh day of August, 1919, A. L. Gambrill, by written assignment, in consideration of the sum of $8,000 assigned to Lena Bauman the $8,000 note secured by said second mortgage executed by the Dworacks and also the said $16,000 note and mortgage executed by said Wright to Chas. A. Dworack and assigned as aforesaid to said A. L. Gambrill.

The assignee, Lena Bauman, joined, as party plaintiff, her assignor, A. L. Gambrill, in the action to reform the mortgage so held by her and for the cancellation of said mortgage held by the Dworacks, for the sum of $16,419, upon the said property in Madera, and the judgment was in her favor, from which the appeal has been taken.

[1] We understand that the defense upon which appellants rely principally is set forth in their answer and cross-complaint as follows: "That they did then and there deliver said $16,000 note and mortgage to said A. L. Gambrill. That said A. L. Gambrill did thereupon present and ask said defendants to sign a certain blank form of assignment of mortgage, then and there stating to said defendants that it was merely a matter of form and in the usual course of business, and that when said money was repaid that all of said papers would be delivered to them. That defendants are informed and verily believe and so state the fact to be that between the fourth day of December, 1918, and the ninth day of December, 1918, said plaintiff Gambrill, without the consent or knowledge of said de-

fendants, fraudulently caused to be inserted in said assignment of mortgage the following words and figures: 'Also as additional security for the payment of an $8,000 note given to the party of the second part,' and that thereafter and at some time subsequent to the twentieth day of December, 1918, said plaintiff Gambrill caused the following to be inserted in said assignment of mortgage, without the knowledge or consent of said defendants: 'The twenty-third day of November, 1918, and recorded on the twentieth day of December, 1918, in Book 29 of mortgages at page 328.' That at the same time said plaintiff Gambrill caused the date to be inserted in said assignment of mortgages as the sixth day of December, 1918.''

Indeed, while the trial was in progress, counsel for appellants said: ''The real issue in this case boiled right down, was this $600 note secured; was the mortgage of $16,000 given to Gambrill as security for the note of $600 or for $600 with the additional security of this $8,000.'' After some discussion the court said: ''The whole thing is whether or not there was any flim-flam on the fourth or ninth day of December with that assignment, were those words 'additional security' inserted in there or not.'' Counsel for respondents thereupon stated: ''Yes, that is the only question and we are perfectly satisfied, 'as additional security for the payment of an $8,000 note,' if that is the understanding.'' With that the cause proceeded upon said theory as to the only issue in the case and the court's finding upon conflicting evidence in reference to it was in favor of plaintiffs. That said finding is sufficiently supported cannot be gainsaid. It will answer the purpose to quote from the testimony, first, of A. L. Gambrill and, second, of R. G. Cornell, the notary, as follows:

''Q. Where the words 'also as additional security for the payment of $8,000 note given to' in this instrument at the time it was signed by Chas. A. Dworack and Adelia Dworack? A. Yes, sir.

''Q. Did you prepare this instrument? A. Yes, sir.

''Q. Do you recall another entry in the book [the notarial book] on December 9, 1918, 'Charles A. Dworack to A. L. Gambrill assignment of mortgage, consideration of $600, December 6th, 1918, special remarks of $16,000, mortgage, etc., also security of $600 and $8,000, legal fees fifty

cents,' was that written by you in this book at that time Mr. Cornell? A. It was.

"Q. I will ask you if the next entry, December 9, 1918, 'Charles A. Dworack to A. L. Gambrill of mortgage $8,000, November 23d, 1918, San Jacinto property building, legal fees $1.00,' if you wrote that in there also? A. I did.

"Q. At that time? A. I did. . . .

"The Court: Where did you get your data from that you inserted in your notarial record? A. I got it from these papers.

"Q. You got it at that time? A. Yes."

There is other evidence in support of the finding, but the foregoing is ample.

Appellants in their brief herein also attack the validity of the $8,000 note and the assignment of the $16,000 note and mortgage on the ground of the want of consideration between the original parties. As to this, it would be sufficient to say that Lena Bauman was a purchaser for value, without notice of any infirmity, before maturity, of said note and its collateral security, and under the familiar rule such defense would not be available against her.

Moreover, the evidence is sufficient to negative the contention of appellants that the original transactions were void.

The point made as to the $8,000 note and mortgage is that the title to the San Jacinto property had not been conveyed to Charles A. Dworack by reason of the irregularity in changing the deed as we have before stated. [2] But the rule is well settled that a mortgagor is estopped to assert that he had no title at the time of executing the mortgage or that there is an outstanding title in a third person. (*Stewart* v. *Powers,* 98 Cal. 514 [33 Pac. 486]; 21 Corpus Juris, p. 1068.

[3] Besides, the method pursued in substituting Dworack as grantee for Gambrill was by consent of all parties interested, including the grantor, and none of them would be permitted to urge the invalidity of the transaction against one of the others who had thereby been induced to change his position to his disadvantage. It would be clearly a case for the principle of equitable estoppel. (Sec. 3543, Civ. Code; Bigelow on Estoppel, 4th ed., 445; *Scott*

v. *Jackson*, 89 Cal. 258 [26 Pac. 898]; *Dolbeer* v. *Livingston*, 100 Cal. 617 [35 Pac. 329].)

It is also the contention of respondents, citing *Stiles* v. *Probst*, 69 Ill. 382, *Abbott* v. *Abbott*, 189 Ill. 488 [82 Am. St. Rep. 470, 59 N. E. 958], 2 Corpus Juris, sec. 113, p. 1238, and *Sill* v. *Reese*, 47 Cal. 294, that if another grantee is substituted in a deed after delivery with consent of all the parties, and again delivered after the change, the deed will vest the title in the substituted grantee, but we deem it unnecessary to consider the soundness of this position.

In reference to the consideration for the assignment of the $16,000 note and mortgage it is only necessary to recall that the execution of the various instruments constituted virtually one transaction and created the necessary reciprocal rights and obligations. Besides, Mr. Gambrill testified that the Dworacks agreed that they would give him "a second mortgage on the purchase of the San Jacinto property and put this $16,000 mortgage up as additional security, if I would let them have $600 to move down therewith." It is a fair inference that the assignment was made in pursuance of this agreement.

We deem no further comment advisable.

The judgment is affirmed.

Hart, J., and Finch, P. J., concurred.