[Civ. No. 4347. Third Appellate District.—December 17, 1931.]

A. L. EDGERTON, Respondent, v. E. G. SCAMMON, Appellant.

J. T. Sharp for Appellant.

J. S. Henderson for Respondent.

TUTTLE, J., *pro tem.*—This is an action to recover upon judgments rendered in the justice court and to subject certain personal property to sale under executions levied pursuant to said judgments.

The complaint contains two counts. The first alleges the rendition of judgment in the justice court in favor of the assignor of plaintiff and against Modoc Moulding and Lumber Company; that this judgment was entered April 18, 1929, and was for the sum of $273.55; that execution on the judgment was levied upon certain personal property alleged to belong to the lumber company; that E. G. Scammon, defendant herein, filed a third party claim, and that the property was delivered to him upon the filing of a bond; that Scammon claims to be the owner thereof; that at all times mentioned the lumber company was in possession of said personal property, claiming to own the same; that defendants Gibson and Laird are sureties upon the said bond. The second count, based upon another judgment, is practically the same as the first, except that the judgment was obtained on July 25, 1927, and the amount was $272.15.

The answer denied the possession of the lumber company, and its title to said property, and in this behalf alleges that defendant Scammon became the owner thereof, under a bill of sale, on April 27, 1927, and that he took immediate possession thereof, and was in possession of said property at the time of the levy of the executions under said judgments.

The court found for plaintiff upon all the issues, and entered judgment accordingly. Defendant now appeals from the judgment.

In the fall of 1925, Scammon, Lopstead and Payne organized the Modoc Moulding and Lumber Company, a corporation, which equipped and ran a mill in Modoc County. In 1926, Payne bought the stock of the other two, leaving him the owner of ninety-eight per cent of the corporate stock. Payne continued to supervise operations, being upon the ground at all times, and in possession of all equipment. Upon April 27, 1927, Payne executed a bill of sale in favor of defendant Scammon, covering all machinery and equipment of every character belonging to the lumber company. Scammon did not take possession of the property, and Payne continued in sole possession thereof, for a period of three months after the sale. Payne testified that he had a verbal agreement to buy it back. At the expiration of the three months, Payne left the premises, and Campbell, Archer and Davis leased the mill from Scammon, and operated the property until the spring of 1928, when Payne again took possession, under what he stated was a verbal agreement with Scammon. Payne finally gave up possession upon April 12, 1929.

The personal property sought to be made subject to the execution in this case is a portion of the equipment of the lumber company, and is included in the bill of sale to Scammon. It also appears that this property was being purchased under a conditional sales contract, and title had not passed to the lumber company, and never did. Defendant Scammon, after he secured the bill of sale, paid up the balance due upon this contract. It amounted to some $900. It appears that the lumber for which the judgments in the justice court were given, was sold to the lumber company in the summer of 1926.

The sole contention of appellant is that the following findings lack support in the evidence:

"That on or about the —— day of April, 1927, the Modoc Moulding and Lumber Company, through its president and general manager sold the above-named property to defendant Scammon, but did not deliver possession thereof, but on the contrary remained in the actual and exclusive possession for a period of three months thereafter.

"That the sale of said property by the said Modoc Moulding and Lumber Company to said Scammon was not accompanied by any immediate or actual delivery thereof to him, nor was it followed by any actual delivery thereof to him, nor was it followed by any actual or continued change of possession thereof."

Section 3440 of the Civil Code provides, in part, as follows: "Every transfer of personal property, other than a thing in action, or a ship or cargo at sea or in a foreign port, and every lien thereon, other than a mortgage, when allowed by law, and a contract of bottomry or *respondentia,* is conclusively presumed if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession, and the successors in interest of such creditors, and against any persons on whom his estate devolves in trust for the benefit of others than himself, and against purchasers or encumbrancers in good faith subsequent to the transfer."

Witness Payne, who owned practically all the stock of the lumber company, testified that he was in possession of the property when the bills (upon which the judgments were based) were contracted. This was in the summer of 1926. Payne continued in possession until the summer of 1927. The bill of sale was executed in April, 1927. Defendant Scammon does not claim that he was in the actual possession of the property at the time the bills were incurred. The first time that he had any sort of possession was through his lessees, and this was three months subsequent to his bill of sale. It thus appears that there is substantial evidence in the record to justify the findings in question. The question as to whether the sale was accompanied by an immediate delivery and followed by an actual and continued change of possession is one of fact for the determination of the trial court. (*Hickey* v. *Coschina,* 133 Cal. 81 [65 Pac. 313].)

The argument of appellant is that the recordation of his bill of sale "would tend to put any prudent man in inquiry as to the ownership of the property". But the statute quoted makes no exception in a case where the bill of sale is recorded. A creditor has the right to rely upon

possession only. He is not called upon to search the records. The law says that under these circumstances he is entitled to presume that possession means ownership as between his debtor and the transferee of the debtor. Consequently, constructive notice by recordation is, in itself, no defense.

Other facts are pointed out by appellant as tending to prove possession by appellant. As we have stated, these facts were duly weighed by the trial court, and we cannot disturb the finding.

The judgment is affirmed.

Plummer, J., and Preston, P. J., concurred.