[Civ. No. 17013. Second Dist., Div. Two. Feb. 6, 1950.]

W. W. SHEPHERD et al., Appellants, v. L. GAMBLE et al., Defendants; ARDEN CRABBE, Third Party Claimant and Respondent.

William K. Young for Appellants.

Alfred E. Frazier for Third Party Claimant and Respondent.

MOORE, P. J.—The question for decision is whether the transfer of a huge tractor was void under section 3440 of the Civil Code by reason of the circumstances proved with respect to its delivery.

Defendant Gamble owned an 11½-ton tractor. At the time of his sale to respondent it was located on the Gier ranch 53 miles from Redding where respondent was in business. After the sale on July 8, defendant instructed Gier to release it to respondent. On July 15, appellants caused it to be attached at the Gier place as the property of defendant. Upon the issue raised by respondent's third party claim the court below adjudged claimant to be the owner and entitled to the possession of the machine. Appellants demand a reversal of the judgment on the ground that the transfer, as to them, was

fraudulent in not having been accompanied by immediate delivery followed by an actual and continued change of possession.

Appellants contend (1) that respondent should have immediately removed the tractor with his own truck and trailer or have employed another available trucking firm 23 miles from the Gier ranch to transport the tractor to Redding; (2) that change of possession must be actual and not merely potential or theoretical.

 Whether movable property after its sale has been delivered and its possession changed is a question of fact to be determined from all the evidence. The finding of such fact is conclusive upon the reviewing court unless it is clear from the evidence and from the inferences favorable to the finding that the determination derived by the trial court is without substantial evidential support. (*Hassell* v. *Bunge,* 167 Cal. 365, 366 [139 P. 800] ; *Porter* v. *Bucher,* 98 Cal. 454, 459 [33 P. 335] ; *Dubois* v. *Spinks,* 114 Cal. 289, 293 [46 P. 95] ; *Edgerton* v. *Scammon,* 119 Cal.App. 273 [6 P.2d 295].)

 Respondent's intention at the time of his purchase was to remove the tractor to his shop at Redding in order to dismantle it for its parts. His own truck and trailer were not immediately available to remove the tractor. To employ others would have entailed an expense, two to three times more than it would have been by using his own equipment. There were no adequate storage facilities in the Gier vicinity, a sparsely inhabited mill site. The vendor had departed for Los Angeles some 800 miles to the south promptly after receiving the sale price relying upon Gier to release the tractor to respondent. In view of such proof it cannot be said that the finding of a valid transfer by defendant to respondent was without substantial evidentiary support, but that such finding removed from the sale the presumed fraud of section 3440.

The court below was not without support in deriving its conclusions. Constructive delivery is not altogether forbidden by section 3440. Where a movable is bulky and not readily transferable by manual delivery the rule of that section is relaxed by reason of the impracticability of actual delivery by ordinary means and methods (*O'Connor* v. *O'Connor, Rice & Barnes,* 44 Cal.App.2d 1, 5 [111 P.2d 655] ; *Dubois* v. *Spinks,* 114 Cal. 289, 293 [46 P. 95] ; *Guthrie* v. *Carney,* 19 Cal.App. 144, 151 [124 P. 1045] ).

The authorities cited by appellants are distinguishable on their facts. *Della* v. *Home Bank,* 105 Cal.App. 106 [286 P.

1064], involved a sale of cattle which could have been removed under their own power but remained in possession of the seller. In *Grant* v. *Segawa*, 44 Cal.App.2d Supp. 945 [112 P.2d 784], the property involved consisted of an automobile and small farming implements and it was transferred by its owner to his son under circumstances indicating fraud. In *O'Connor* v. *O'Connor, Rice & Barnes, supra,* the property transferred was maps and books readily removable but were kept and used by the transferor.

Appellants assign as error the court's order denying appellants' motion to strike certain testimony of the witness Gamble with respect to the operating condition of the tractor. The witness had testified that "it had thrown a bearing out through the side of the case of the final drive and it was not in a movable condition." This was followed by "should have been overhauled before it was moved." Refusal to strike the last quoted clause was harmless. (Const., art. VI, § 4½.) The testimony of the witness Gier had established that the tractor "should not have been moved at all" under its own power and the witness Gamble's testimony that "it was not in a movable condition" proved its impaired condition.

Judgment affirmed.

McComb, J., and Wilson, J., concurred.