[Civ. No. 16920.   Second Dist., Div. Two.   Feb. 6, 1950.]

W. W. SHEPHERD et al., Appellants, v. L. GAMBLE et al., Defendants; DANIEL J. McILVANA, Third Party Claimant and Respondent.

William K. Young for Appellants.

James Ayers for Third Party Claimant and Respondent.

MOORE, P. J.—The question for decision is whether the finding that defendants' transfer of a truck to respondent was not in fraud of creditors was so arbitrary and unreasonable as to require a reversal of the judgment.

In July, 1947, defendants resided on Ellis Lane in Rosemead. One of them occupied the home at the front while the other lived there in a trailer. Soon respondent came and resided in the house at the rear. Defendants operated a landscape gardening business. Respondent followed generally the same pursuit and did hauling and general work. While thus circumstanced and engaged, defendants sold their equity in a used G.M.C. truck to respondent for $200 and he borrowed $400 to pay off the subsisting encumbrance then in default. Defendants had kept the truck at their home but immediately after the sale to respondent he took it to Burbank where he used it in hauling for two months. Thereafter he returned to Ellis Lane to reside on the premises of defendants who were his relatives and took over certain of their work they could not handle.

From April to August of 1948 respondent visited the State of Washington, but retained his place of residence at 1406 Ellis Lane. During his absence the truck remained at the latter address. Before his departure he arranged with Richard Gamble to use it at a specified rental "to help make the payments" to the finance company on respondent's contract. During the latter's absence on July 28, 1948, appellants caused a writ of attachment to be levied upon the truck as the property of defendants. Upon a trial of the controversy created by respondent's third party claim the court found him to be

owner of the truck and adjudged him to be entitled to its possession. Appellants contend that the transfer of the truck by defendants was conclusively presumed to be fraudulent under section 3440 of the Civil Code and therefore void for the reason that there had been no actual and continued change of possession of the chattel.

Such conclusion might with propriety follow if the court had found from the evidence that there was no actual and continued change of possession. However, the proof was substantial that a year prior to the attachment respondent in good faith purchased the truck and thereafter used it exclusively for himself. That at times during his sojourn in the north he arranged for defendants to use it was a fact for the court's appraisal. That such arrangement did not derogate from the finding of a bona fide transfer was determined contrary to appellants' contention and cannot on appeal upset the general finding. Respondent caused the title of the truck to be registered in his own name; contracted for the financing of the $400 loan, and made all payments thereon except those maturing while he was absent from the state and they were made with respondent's money. To hold that such a transaction as that found by the court is conclusively presumed to be fraudulent would virtually prohibit valid sales or exchanges of movables between parties residing at and working out of the same premises. The Legislature could not reasonably have intended such iniquitous consequences. Since the problem is factual, its determination by the trial court is conclusive in the presence of substantial evidence. (*Hassell* v. *Bunge,* 167 Cal. 365, 366 [139 P. 800].)

The authorities cited by appellants (*O'Connor* v. *O'Connor, Rice & Barnes,* 44 Cal.App.2d 1 [111 P.2d 655]; *Grant* v. *Segawa,* 44 Cal.App.2d Supp. 945 [112 P.2d 784]; *Pfunder* v. *Goodwin,* 83 Cal.App. 551 [257 P. 119]) are distinguished by their facts. None of them lends support to appellant. (See *Shepherd* v. *Gamble, ante,* p. 890 [214 P.2d 403], Civ. No. 17013, this day filed.)

Judgment affirmed.

McComb, J., and Wilson, J., concurred.