[Civ. No. 16190.   First Dist., Div. One.   Feb. 16, 1955.]

CROFTS AND ANDERSON (a Corporation), Appellant, v. H. L. PETERSEN CONSTRUCTION COMPANY (a Partnership) et al., Defendants; CATHERINE M. LAGUENS, Third Party Claimant and Respondent.

Edward N. Jackson and Jack G. Levine for Appellant.

No appearance on behalf of Third Party Claimant and Respondent.

PETERS, P. J.—In June of 1953, Crofts and Anderson secured a judgment by stipulation against C. R. Petersen, and his firm, the H. L. Petersen Construction Company, in the amount of $2,816.41, plus costs.   Subsequently, the sheriff, pursuant to a writ of execution, levied on three Arabian

horses then in the possession of Petersen. Catherine Laguens, mother-in-law of Petersen, filed a third party claim to the horses, claiming to have purchased them from Petersen for $3,000 on December 5, 1952. At the termination of the hearing of the petition to determine title the trial court concluded that Catherine Laguens "was and is the owner and entitled to the possession" of the three horses, and entered its judgment accordingly. From that judgment Crofts and Anderson appeal.

■ Respondent has refused to pay the costs and fees incident to defending her judgment, with the result that no brief has been filed in her behalf. Under such circumstances, this court is under no duty to look up the law, if any, in support of the judgment, nor are we required to search the transcript for evidence upon which the judgment may have been predicated. We are entitled to accept as true the statement of facts in the appellant's brief. (Rule 17, subd. (b), Rules on Appeal; see discussion and collection of cases 4 Cal.Jur.2d p. 334, § 496.)

Respondent owns and operates a realty company that also makes loans. On January 24, 1949, she loaned her son-in-law, Petersen, $10,000, evidenced by a note signed by Petersen and his wife calling for monthly payments of $100, and 5 per cent interest. The last payment made on this note was in October of 1952, at which time the note was one year delinquent. Since that date the books of respondent show $8,084.12 still due. On December 5, 1952, Petersen and his wife executed and delivered to respondent a "Bill of Sale" to many items of personal property, including the three horses here involved. The bill of sale recites that, in consideration of the cancellation of the $10,000 note, "the receipt of which cancelled note is hereby acknowledged," the Petersens sell the described personal property to respondent. This bill of sale was recorded in the county clerk's office.

Admittedly before, at the time, and at all times after the bill of sale was executed, the horses remained in the possession of Petersen, and were in his possession when the sheriff seized them pursuant to the writ of execution. An employee of the respondent testified that the bill of sale was not given in consideration of the cancellation of the note, as the bill of sale recites, but was taken as security for repayment of the obligation. Respondent stated that she would reconvey to Petersen if the note, plus interest, were paid, but that the bill of sale was not taken as security. Petersen testified

that by the bill of sale he intended to secure a cancellation of the balance owed on the note, although he believed that if he ever raised the money to pay the note his mother-in-law would reconvey the property to him. He intended to transfer title by the bill of sale. He admitted that he had not only stabled the horses since the date of the bill of sale, but had used them, and that he had not charged respondent anything for their maintenance and care.

Under these circumstances the trial court held that respondent should prevail over the attaching creditor. Treated as a sale, and that is how the trial court treated the transaction, because it found respondent to be the "owner" of the horses, it is obvious that as to the appellant the transaction was void under section 3440 of the Civil Code. That section provides, in part: "Every transfer of personal property . . . is conclusively presumed if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors while he remains in possession . . ." (See also Civ. Code, § 1746; *Dean* v. *Walkenhorst*, 64 Cal. 78 [28 P. 60]; *Southern Cal. Collection Co.* v. *Napkie*, 106 Cal. App.2d 565 [235 P.2d 434]; *Hendriksen* v. *State Subsidiary, Ltd.*, 3 Cal.2d 459 [45 P.2d 190].) ▉ Since there is no dispute that Petersen continuously possessed the horses and used them before and after the claimed sale to respondent, and that respondent was never in possession of them, under the above quoted section, as interpreted in the cases cited, the sale was fraudulent as to appellant. As to appellant, Petersen still owns the horses. The fact that a bill of sale was executed in no way changes the rule of these cases. (*Edgerton* v. *Scammon*, 119 Cal.App. 273 [6 P.2d 295].) There is no evidence of a constructive possession by respondent. She did not change the registration of these horses with the Arabian Horse Association into her name, nor is there any evidence that she paid the personal property tax imposed on the horses.

Nor can the third party claim be upheld on the ground that the bill of sale was a valid chattel mortgage. Not only would this be contrary to the conclusion of the trial court that respondent was the "owner" of the horses, but section 2956 of the Civil Code provides the form of a chattel mortgage, and requires that it be so titled on its face. While a

strict literal compliance with this section is not required (*Pacific States S. & L. Co.* v. *Strobeck,* 139 Cal.App. 427 [33 P.2d 1063]) and substantial compliance is sufficient, here there was no compliance at all. It does not purport to be a security document, but a bill of sale, and, according to Petersen and respondent herself, was not intended to be a security document. The instrument was not recorded as a chattel mortgage but as a bill of sale. Under these circumstances, as a matter of law, the transaction was void as to appellant.

The judgment appealed from is reversed.

Bray, J., and Wood (Fred B.), J., concurred.