[Civ. No. 17324. First Dist., Div. One. Oct. 7, 1957.]

WILLIAM C. CRAVENS, Appellant, v. MAY M. COGHLAN, as Executrix, etc., Respondent.

---

*Assigned by Chairman of Judicial Council.

Louis S. Katz and Michael Lewton for Appellant.

No appearance for Respondent.

PETERS, P. J.—The plaintiff brought this action against defendant executrix on a rejected claim for the value of work and services allegedly rendered by plaintiff to Nathan C. Coghlan, the decedent. The complaint is in proper form and contains all of the allegations required in such actions. Defendant demurred on the sole ground that plaintiff did not have the capacity to sue because, so it is alleged, when the complaint was filed, and when the services were rendered, plaintiff was either in the state prison, serving time for a felony, or was on parole, and had not received the permission of the Adult Authority to enter into contracts or to bring civil actions.

At the hearing the trial court "duly considered defendant's demurrer herein," and heard "oral argument" by counsel. Based on this showing, the trial court entered its order "finding" that when the complaint was filed plaintiff, in fact, was in prison for the commission of a felony, and that

neither before nor after the filing of the complaint, and while on parole, did plaintiff secure the consent of the Adult Authority to file a civil action. Based on these "findings," the trial court sustained the demurrer without leave to amend, and ordered the complaint dismissed. Plaintiff appeals.

Appellant has filed an opening brief. ■ Respondent's counsel has notified this court that he does not desire to file a brief. In such a case the appellate court is under no duty to look up the law, if any, in support of the judgment, may assume that the respondent has abandoned any attempt to support the judgment, and may also assume that the point or points made by appellant are meritorious. (*Postin* v. *Griggs,* 66 Cal.App.2d 147 [151 P.2d 887]; *Crofts & Anderson* v. *H. L. Petersen C. Co.,* 130 Cal.App.2d 790 [279 P.2d 828]; see also Rules on Appeal, rule 17(b); cases collected 4 Cal.Jur.2d p. 334, § 496.)

In the present case the trial court had no power, on demurrer, to pass upon a factual issue that could be presented only by answer. ■ It is an elementary rule that the sole function of a demurrer is to test the sufficiency of the challenged pleading. It cannot, properly, be addressed to or based upon evidence or other extrinsic matters. A defendant is not permitted to allege facts in his demurrer which, if true, would make the complaint vulnerable. (Code Civ. Proc., § 430; see discussion and cases collected in 2 Witkin, California Procedure, p. 1468, § 483.)

■ In the present action the plaintiff was not required to allege his capacity to sue. If it be true that plaintiff has been convicted of a felony and was in the state prison when the complaint was filed, or was on parole when the alleged services were rendered without restoration of his civil rights by the Adult Authority, those are facts which can only be raised by answer. Even if it be assumed that such facts, if true, would constitute a bar to the action, they are not facts that can be raised on demurrer.

The judgment appealed from is reversed.

Bray, J., and Wood (Fred B.), J., concurred.