[Civ. No. 23280.   Second Dist., Div. One.   Apr. 9, 1959.]

WILLIAM MANN, Appellant, v. MARY ELLEN ANDRUS, Respondent.

*Assigned by Chairman of Judicial Council.

Nathan M. Dicker for Appellant.

No appearance for Respondent.

FOURT, J.—This is an appeal from a judgment in favor of the defendant in an action based upon a promissory note.

An action was brought by the plaintiff against the defendant on a promissory note, dated December 14, 1955, providing in substance that the defendant would pay to the Central Home Improvement Company, or order, the sum of $486.36, in 36 consecutive monthly installments of $13.51; the first installment to be payable January 25, 1956, the balance of the installments to be paid on the same date of each month thereafter. It was also provided that attorney's fees would be payable if the note was placed in the hands of an attorney for collection after maturity, and it was further provided that if

an installment was not paid when the same became due, the entire balance could become due and payable at the option of the holder of the note.

On December 2, 1955, the defendant entered into a written contract with Central Home Improvement Company, which contract provided for certain repairs to be made by that company upon the premises of the defendant. The contract provided that the labor and materials were to cost $350 and to be financed for 36 months (monthly installments of $13.51 each—the first payment to be made January 25, 1956). It was set forth that the above monthly payment included carrying charges and time-price differential for the term of the contract. The contract also set forth that the contractor was granted a lien on the real property as security for the faithful performance of the obligations of the owner under the contract. The contract contained an acknowledgment that appellant subscribed to the same and acknowledged that she had executed it on December 2, 1955. A promissory note (the note in controversy in this case), bearing date of December 14, 1955, was delivered by the defendant to Central Home Improvement Company, and by the latter Company sold and transferred to the plaintiff herein on the same day it was made, namely December 14, 1955, for a valuable consideration. The note set forth on its face that on December 14, 1955, Mary Ellen Andrus appeared before a named notary public and acknowledged that she executed the same. The defendant signed a certificate of completion, dated December 14, 1955, which was presented to the plaintiff before the purchase of the promissory note. This certificate, among other things, referred to the credit application of the appellant dated December 2, 1955, and it was set forth "that all articles and materials have been furnished and installed and the work satisfactorily completed on premises indicated," and that "any holder of the promissory note given therefor does not guarantee the material or workmanship nor inspect the work performed." It was also noted in bold black print opposite the space provided for a signature, "Notice to Maker—Do Not Sign this certificate until you are satisfied that the dealer has carried out his obligations to you and that the work or the materials have been satisfactorily completed or delivered."

The certificate also contained, in part, an acknowledgment which set forth that on December 14, 1955, Mary Ellen Andrus, known to the named notary public, appeared before him and acknowledged that she executed the same.

The court, over the objection of the plaintiff, permitted the defendant to introduce evidence to the effect that the work contracted to be done upon her premises under the contract had not been completed.

The trial court made findings that on or about December 2, 1955, the defendant entered into the contract in question with Central Home Improvement Company, according to the terms of which the Company agreed to furnish to the defendant certain labor and materials in improvements to the real property of the defendant, and that said improvements were not made by the plaintiff's assignor. The court also found that it was true that on or about December 2, 1955, the Central Home Improvement Company sold and endorsed and delivered the note to the plaintiff; that it was true that the plaintiff knew the note was the consideration for the performance of the terms of the contract between plaintiff's assignor and the defendant, and knew that at the time he acquired the note that the work called for had not been done; that the plaintiff did not go upon the premises and inspect the same; that it was true that the plaintiff was not a bona fide purchaser for value, nor was he a holder in due course. The court then concluded that the plaintiff should take nothing by reason of his action.

The plaintiff-appellant contends, (1) that he was a holder in due course of the promissory note in question; (2) that want or failure of consideration does not constitute a defense to the plaintiff's action; (3) that the evidence does not support the findings of the court to the effect that the plaintiff was the purchaser of the note with notice of defendant's equities.

The appellant has filed a brief in this case and has complied with the rules on appeal.

After due and proper notice, the defendant-respondent has neglected or refused to file a brief, and pursuant to rule 17b of the Rules on Appeal, the matter now stands submitted for decision on the record, and on the appellant's opening brief. Under the last mentioned rule this court may ''accept as true the statement of facts in the appellant's opening brief.''

Where the respondent does not file any brief we are under no duty to look up the law, nor are we required to make any search for evidence. (*Crofts & Anderson* v. *H. L. Petersen Construction Co.*, 130 Cal.App.2d 790 [279 P.2d 828].) We feel that we have no course open to us except to accept as true the statement of facts in the appellant's opening brief. (*MacGregor* v. *Kawaoka*, 132 Cal.App.2d 407 [282 P.2d 130].) Further, we may assume, as is apparently correct in this

case, that the respondent has abandoned any attempt to support the judgment, and we may also assume that the points made by the appellant are meritorious. (*Cravens* v. *Coghlan*, 154 Cal.App.2d 215 [315 P.2d 910] ; *Postin* v. *Griggs*, 66 Cal. App.2d 147 [151 P.2d 887] ; 4 Cal.Jur.2d 334, § 496.)

The promissory note in this case was complete and regular on its face, the plaintiff purchased the note before it was overdue, in good faith and for value. ■ The appellant makes the point that there was no evidence to sustain the finding of the court that at the time the note was negotiated to the plaintiff he had notice of any infirmity. A reading of the record convinces us that the appellant is correct in his contention. There was no evidence that the note had previously been dishonored, if such be the fact.

Section 3138, Civil Code, provides as follows:

"A holder in due course holds the instrument free from any defect of title of prior parties, and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

Civil Code, sections 3140 and 3126, are also pertinent and are quoted here:

Section 3140—"Every holder is deemed prima facie to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course. But the last-mentioned rule does not apply in favor of a party who became bound on the instrument prior to the acquisition of such defective title."

Section 3126—"Except where an indorsement bears date after the maturity of the instrument, every negotiation is deemed prima facie to have been effected before the instrument was overdue."

■ The burden is on the defendant to prove that the plaintiff took the note with notice of the defendant's equities. (*Goodale* v. *Thorn*, 199 Cal. 307 [249 P. 11] ; *Tilden Lumber etc. Co.* v. *Bacon Land Co.*, 116 Cal.App. 689 [3 P.2d 350].)

■ The acquisition by the plaintiff of the information concerning the infirmities, if any, in the instrument after the time of purchase does not affect his status as a holder in due course. (*Goodale* v. *Thorn, supra.*)

There was no testimony in this case to show that the transaction was other than honestly conceived and concluded with-

out collusion, fraud or knowledge of fraud, and without any intent to assist in a design which was fraudulent or unlawful.

No one has referred us to any testimony in the record to the effect that the plaintiff had any actual knowledge of any defect or defects. Mere suspicion is not ordinarily enough, but in this case not even a suspicious circumstance was shown. No inquiry was invited from the face of the documents.

"Notice to a holder that a note was given in consideration of an executory agreement of the payee which has not yet been performed does not deprive the indorsee of the character of a holder in due course, unless he also has notice of a breach of the agreement. Where a note or bill is disposed of for a valuable consideration the holder is not bound to inquire whether the indorser has performed or will be able to perform the agreement into which he has entered, so long as there is nothing suspicious or out of the usual course of business in the circumstances attending its issue." (8 Cal.Jur. 2d, § 85, pp. 409-410; see also *Splivallo* v. *Patten*, 38 Cal. 138 [99 Am.Dec. 358]; *Flood* v. *Petry*, 165 Cal. 309 [132 P. 256, 46 L.R.A. N.S. 861].)

It is true that "The rule appears to be settled that a mere want of consideration does not operate to throw upon the holder the burden that he or one under whom he claims acquired the title as a holder in due course, as Section 3136, Civil Code, defining defective title, does not include want or failure of consideration." (*Tilden Lumber etc. Co.* v. *Bacon Land Co., supra,* 116 Cal.App. 689, 693.)

Civil Code, section 3105, provides as follows:

"Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person whose signature appears thereon to have become a party thereto for value."

Defenses between the original parties, such as lack of consideration, are usually not available as defenses against a holder in due course. (*Ingold* v. *Daly Bank & Trust Co.,* 101 Cal.App. 579 [281 P. 1075]), and evidence of want of consideration to the maker is irrelevant as against a holder in due course. (*Jones* v. *Evans,* 6 Cal.App. 88, 92 [91 P. 532].)

The finding of the trial court to the effect that the plaintiff knew at the time he got the note that the work called for under the contract had not been done, was not supported by the evidence and was, in reality, but a conclusion. (See *Ingold* v. *Daly Bank & Trust Co., supra,* 101 Cal.App. 579, 585.)

It may well be true that the time-differential cost in this

matter is close to being outrageous, but that is a matter which should, under the circumstances, attract the attention of the Legislature to the end that laws be adopted to stop such practices. This court can do nothing about it.

The judgment is reversed.

White, P. J., and Lillie, J., concurred.