[Civ. No. 41707. First Dist., Div. Three. Aug. 30, 1978.]

EQUICO LESSORS, INC., Plaintiff,
Cross-defendant and Respondent, v.
ROBERT E. MINES et al., Defendants,
Cross-complainants and Appellants.

COUNSEL

E. A. Dawley for Defendants, Cross-complainants and Appellants.

Dinkelspiel & Dinkelspiel, John F. Taylor and Barry A. Dubin for Plaintiff, Cross-defendant and Respondent.

OPINION

HALVONIK, J.—Appellants Robert Mines and William Jenkins are medical doctors who signed leases for oil well drilling equipment with International Medical Leasing, Inc. (IML). Appellants entered the agreement for the purpose of obtaining a tax shelter. They paid rent on the leases until their tax deductions were disallowed, then they stopped. Respondent Equico Lessors, Inc., assignees of IML, brought this action to recover unpaid rent. Appellants' principal defense was that there had been a failure of consideration because the equipment had not been

delivered. The trial court held that Commercial Code section 9206 made such a defense untenable.

The leases appellants executed stated: "The rights of any assignee shall be free from all defenses, setoffs, or counterclaims of any kind or character which Lessee may be entitled to assert against Lessor . . . ."

Section 9206 of the Commercial Code provides that an agreement by a lessee that he will not assert against any assignee any claim or defense that he might have against a lessor is enforceable by an assignee who takes his assignment for value, in good faith and without notice of a claim or defense, except as to the kind of defenses which may be asserted against a holder in due course.

Appellants urge that section 9206 is inapplicable because respondent failed to prove that the leases were assigned to it. The trial court, however, found to the contrary and the finding is supported by substantial evidence including appellants' admission of assignment in certain delivery and installation certificates.

Appellants say that section 9206 is inapplicable because the assignment and waiver of defenses portion of the lease "does not require IML to transfer its interest to a third party." That is a non sequitur.[1]

█ This is a section 9206 case all right and the critical issue is whether its strictures may be avoided with a plea of failure of consideration. We conclude that they may not.

*American Nat. Bk.* v. *A. G. Sommerville* (1923) 191 Cal. 364 [216 P. 376], does, true enough, hold that one may dispute the validity of a lease by

---

[1]Similarly without merit are the following arguments raised by appellants: (a) That the leases are without the purview of section 9206 because respondent was an assignee who was to perform under the contract within the meaning of former Commercial Code section 9104, subdivision (f). But respondent did not assume the duty to perform and the leases state that the assignee does not covenant to assume the obligations of the lessor. (b) That the trial court failed to find that the property was in the state pursuant to former Commercial Code section 9102. But appellant never contended the property was located outside the state so the issue whether the law of another state applied never arose. (c) That the waiver of defenses language in the lease is not exactly the same as the words in section 9206. But the exact words of section 9206 do not lend themselves to replication in a lease and there does not seem to be any reason to require replication. (d) That respondent's damages should be limited to out-of-pocket loss. But this is a breach of contract case and respondent is entitled to the full benefit of performance. (e) That respondent was an original party and did not act in good faith. But the trial court's findings to the contrary are supported by substantial evidence.

presenting evidence which contradicts the face of the documents presented to an assignee but the comfort appellants find in that precedent is puzzling in light of the fact that section 9206 was designed, in part, to reverse that very decision.[2]

The only defenses available to appellants under section 9206 are "defenses of a type which may be asserted against a holder in due course of a negotiable instrument under the division on commercial paper (Division 3)." Turning to division 3, and specifically section 3305, we discover that a failure of consideration is not one of those defenses. Indeed it seems always to have been the case in California that the failure of consideration plea is unavailing against a holder in due course. (See, e.g., *Siebe* v. *Joshua Hendy M. Works* (1890) 86 Cal. 390, 393 [25 P. 14]; *Splivallo* v. *Patten* (1869) 38 Cal. 138; *Mann* v. *Andrus* (1959) 169 Cal.App.2d 455, 460 [337 P.2d 473]; *Ingold* v. *Daly Bank & Trust Co.* (1929) 101 Cal.App. 579, 586 [281 P. 1075]; *Gambrill* v. *Dworack* (1922) 58 Cal.App. 524, 528 [208 P. 995].)

This is a harsh result, according to appellants, who insist they did not realize they were signing leases at all, much less leases with such consequences. But the Legislature, in order to avoid mischief in the commercial world, requires participants to proceed with some modicum of prudence. It is not for us to say that this policy is mistaken.

The judgment is affirmed except for that portion providing that appellants recover nothing on their cross-complaint against respondent. As to that portion we reverse. Respondent's motion to sever the cross-complaint was granted by the trial court. Appellants' cross-complaint, therefore, has never been heard; they are entitled to a hearing.

White, P. J., and Feinberg, J., concurred.

A petition for a rehearing was denied September 29, 1978, and appellants' petition for a hearing by the Supreme Court was denied November 9, 1978.

---

[2]The California code comment to section 9206 expressly mentions *American Nat. Bk.* as a prior California law that has been changed.